## UNITED STATES v. SCHLITZ.
### Civ. A. No. 910.

United States District Court
E. D. Virginia, Norfolk Division.
July 13, 1949.

George R. Humrickhouse, United States Attorney, Richmond, Va., for plaintiff.

H. M. Woodward, Norfolk, Va., for defendant.

BRYAN, District Judge.

The Court is of the opinion that the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2674, may be asserted by counterclaim by the citizen-defendant when sued by the United States for damages, if both claims arise from the same event and are of the same character.

The United States has here filed a complaint against the defendant to recover for damages to its automobile when in collision with the automobile owned and operated by the defendant. Pleading the Federal tort claims statutes, the defendant counterclaims for injuries to his person and car resulting from the same collision. The United States moves to dismiss the counterclaim on the ground that the defendant's claim is assertable only in a separate action.

For the plaintiff reliance is staked on United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888, holding that the United States by filing an action does not subject itself to a counterclaim, save a set-off not exceeding the original claim.

■ The question is not answered in the Federal Rules of Civil Procedure, 28 U.S.C.A. While Rule 13(a) makes compulsory the presentation by counterclaim of any claim which the defendant may have against the plaintiff arising out of the same occurrence, this rule is not controlling here, because 13(d) declares that the rule shall not enlarge the right of counterclaims as against the United States. The Rules, however, are persuasive, in that, Rule 1 directs that they "be construed to secure the just, speedy, and inexpensive determination of every action", and this desideratum will be attained by permitting the Federal Tort Claims Act to be put forward through counterclaim.

We do not think that United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888, supra, bars the counterclaim. At the time of the Shaw decision there were no statutory bases for the prosecution of a tort claim against the United States. But inasmuch as such jurisdiction has now been conferred upon the Federal district courts, we see no reason why counterclaim is not a proper means of invoking its exercise.

As pointed out by the opinion in United States v. Shaw, 309 U.S. at page 501, 60 S.Ct. 659, 84 L.Ed. 888, since 1797 cross-claims not exceeding the Government's claim have been permissible. United States v. Wilkins, 6 Wheat. 135, 144, 5 L.Ed. 225; 28 U.S.C.A. § 2406. The Court there observes that whenever the authority to sue the United States is given, "it is liberally construed". We think the present instance calls for liberality in construction.

■ We emphasize, however, that counterclaim under the Federal Tort Claims Act is to be allowed only when the claim of the United States originates in the same circumstances, and is of the same nature, as the counterclaim. We do not hold that in every action brought by the United States the defendant may counterclaim for a tort.

Contra it is said that difficulty will be experienced in trial, for the reason that on the claim of the United States either party would be entitled to a jury, while on the counterclaim a jury could not be demanded. 28 U.S.C.A. § 2402. But this would seem not an insurmountable obstacle. Without deciding whether by counterclaiming the defendant waives his right to a jury trial, we think the claim and counterclaim easily triable together before court and jury. Special interrogatories could be submitted to the jury for a determination of whether there was causal or contributory negligence (1) on the part of the Government's employee, (2) on the part of the defendant, or (3) on the part of both, letting the Court defer judgment on the counterclaim until the jury answered the

several queries on the initial claim. The special verdicts would necessarily be res judicata of the negligence issues upon which the counterclaim is dependent, and as such, they would be binding on the Court and decisive of the counterclaim. The jury would not be determining the counterclaim; the Court alone would decide it; but the Court would be concluded by the jury's previous resolution between the same parties of the identical factual issues as would control decision of the counterclaim. Of course, damages could be ascertained on a separate interrogatory to the jury, if their earlier findings charged liability to the defendant, or by the Court, if decision of the fact inquires cast liability upon the Government.

The cases of United States v. Dugan Bros., D.C.E.D.N.Y., 36 F.Supp. 109; United States v. Heard, D.C.W.D.Va. 32 F. Supp. 39; and United States v. Biggs, D.C. E.D.Ill., 46 F.Supp. 8, were all decided before the United States was suable at law for tort.

An order will be entered overruling the motion to dismiss.