**PECK v. GREYHOUND CORP.**

United States District Court
S. D. New York.
April 9, 1951.

680

Conrad J. Lynn, New York City, for plaintiff.

Harold J. Drescher, New York City, for defendant.

RYAN, District Judge.

Plaintiff, the owner of three shares of stock of the defendant corporation, has filed this suit alleging that the defendant is violating and about to violate Section 14 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78n, by soliciting proxies for the meeting of stockholders to be held on May 15, 1951, in violation of Regulation X–14, Rule X–14A–8 of the Securities Exchange Commission.

The prayer for relief, in effect, asks that the defendant be enjoined from soliciting and obtaining proxies by means of letter or other matter, and from holding its annual May meeting of stockholders unless a proposal made by plaintiff is included in the proxy material and on the agenda of the meeting. By motion now made, plaintiff seeks a preliminary injunction which would grant substantially the relief sought in the prayer of his complaint.

It is not disputed that plaintiff is the record owner of three shares of the capital stock of the defendant corporation. It is also conceded that by letter addressed to the defendant, dated October 23, 1950, plaintiff requested that there be included on the agenda for the 1951 stockholders' meeting and in the notice to the stockholders of that meeting, the following proposal: "A Recommendation that Management Consider the Advisability of Abolishing the Segregated Seating System in the South."

It appears that by letter dated February 13, 1951, the defendant corporation wrote the Securities Exchange Commission advising it of plaintiff's request and informing it that defendant did not intend to include plaintiff's proposal in its proxy statement or form of proxy for the meeting of stockholders to be held on May 15, 1951. A copy of this letter was sent to plaintiff.

The reason assigned by defendant corporation for its rejection of plaintiff's proposal was, in substance, that the proposal was not a proper subject for action by the stockholders within the meaning of Rule X–14A–8(a) of the proxy regulations. Reference was also made by defendant, in this letter, to a ruling by the Director of the Corporation Finance Division of the Commission, dated January 3, 1945 (Release No. 3638, Securities Exchange Act of 1934), wherein it was held that: "It was not the intent of Rule X–14A–7 (now Rule X–14A–8) to permit stockholders to obtain the consensus of other stockholders with respect to matters which are of a general political, social or economic nature. Other forums exist for the presentation of such views."

It appears that by letter of March 8, 1951, the Assistant Director of Corporation Finance of the Commission did advise the defendant corporation: " * * * the Commission has asked me to advise you that it agrees with your position that the proposal is a matter falling within the opinion set forth in Release No. 3638 under the Securities Exchange Act of 1934 and therefore need not be included in your proxy statement or form of proxy." A copy of this letter was sent by the Assistant Director to the plaintiff.

To grant the relief plaintiff seeks on this motion, this court would be required

to hold that plaintiff's proposal falls within the scope and purpose of Rule X–14A–8. The Commission has held to the contrary and, although it does not appear to be a formal ruling by the Commission, plaintiff has not pursued before it the available administrative remedies to obtain a revision or review of the interpretation of the Assistant Director.

Rules and regulations adopted by administrative agencies pursuant to Congressional authorization are best interpreted, in the first instance, by the agency which has been entrusted with the power and authority to write them. Here, the Commission has interpreted and construed its own rule contrary to that which plaintiff contends is the proper interpretation. This court cannot hold, on the proof before it, unaided as it is by the vast experience of daily contact with the practical workings of this rule (which the Commission has had), that the interpretation should be set aside; this is especially so in the absence of any record of administrative review. The court is also unable to conclude that the denial of this temporary injunction will work irreparable harm and damage to plaintiff. The burden of establishing this is upon plaintiff, and that he has failed to do.

The motion for a temporary injunction is, therefore, denied.