## UNITED STATES v. ROSATI et al.
### Civ. No. 11769.

United States District Court
D. New Jersey.
April 12, 1951.

Grover C. Richman, U. S. Atty., Newark, N. J., for plaintiff.

Paul J. O'Neill, Newark, N. J., for defendants.

SMITH, District Judge.

The plaintiff, the United States of America, filed a complaint in which it asserted a claim for damages to a motor vehicle of which it was the owner. The defendant filed a counterclaim in which she asserted a claim for damages to a motor vehicle of which the estate of one Alfred Rosati was the owner. It appears from the allegations of the complaint and counterclaim that the tort claims of the respective parties arise out of the same "occurrence."

The action is before the Court at this time on the motion of the plaintiff to dismiss the counterclaim on the ground that the court lacks jurisdiction. It is conceded that this court has jurisdiction of tort claims against the United States, but it is argued that the pertinent provisions of the Federal Tort Claims Act, hereinafter quoted, will not permit their assertion in counterclaims. We cannot agree with this argument.

The jurisdiction of this court, except as to the original action commenced by the plaintiff, is defined by Title 28 U.S. Code, § 1346(b). The pertinent provisions of the statute read as follows: "Subject to the provisions of chapter 171 of this title, the district courts, * * *, shall have exclusive jurisdiction of *civil actions on claims* against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." (Emphasis by the Court.)

■ The argument here advanced by the plaintiff is obviously predicated on a narrow construction of the Act, a construc-

tion which we cannot adopt. "The Federal Tort Claims Act waives the Government's immunity from suit in sweeping language. It unquestionably waives it in favor of an injured person." United States of America v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 402; see also United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 383, 70 S.Ct. 207, 94 L.Ed. 171. The statute vests in the district courts "exclusive jurisdiction of *civil actions on claims* against the United States". This language is sufficiently broad to permit the assertion of tort claims in either a complaint or a counterclaim.

■ The claim here asserted by the defendant is one on which the government has consented to be sued in a court of competent jurisdiction. The statute should not be so construed as to either defeat or limit the waiver of immunity inherent in that consent, especially where, as here, such a construction would thwart the apparent intent of Congress.

The language of the Supreme Court in the case of United States v. Yellow Cab Co., supra, is apposite. It is therein stated, 71 S.Ct. at page 404: "This Act does not subject the Government to a previously unrecognized type of obligation. Through hundreds of private relief acts, each Congress for many years has recognized the Government's obligation to pay claims on account of damage to or loss of property or on account of personal injury or death caused by negligent or wrongful acts of employees of the Government. This Act merely substitutes the District Courts for Congress as the agency to determine the validity and amount of the claims. It suggests no reason for reading into it fine distinctions between various types of such claims." There is likewise no reason for reading into the statute a limitation as to the procedure which must be followed by the claimant.

The plaintiff suggests here, as it did in the case of United States v. Yellow Cab Co., supra, that the trial of the respective claims will create difficult procedural problems. The argument advanced in support of this suggestion was adequately answered

by the Supreme Court in the cited case. We see no reason to discuss the argument further.

■ The issues of fact raised by the original complaint and the answer thereto can and will be tried by a jury. The issues of law and fact raised by the counterclaim and the reply thereto can and will be tried by the court without a jury, in accordance with Title 28 U.S.Code, § 2402. The counterclaim must be treated as an action against the United States and must be tried in the manner provided by statute.

The motion to dismiss the counterclaim is denied.