**UNITED STATES v. HARMS.**

**Civ. A. 3262.**

United States District Court
D. Colorado.

April 30, 1951.

---

Max M. Bulkeley, U.S. Atty., Joseph N. Lilly, Asst. U.S. Atty., Denver, Colo., for The United States.

Lowell White and Walter A. Steele, Denver, Colo., for defendant.

KNOUS, District Judge.

In this action the United States seeks to recover damages to a Government-owned automobile resulting from a collision with a truck owned and operated by the citizen defendant and allegedly as the result of his negligence. The defendant has counterclaimed against the plaintiff for damages to defendant's truck arising out of the same collision asserting that such was caused by the negligence of the operator of the Government vehicle.

The United States has moved to dismiss the counterclaim upon the theory that such cannot be maintained against the sovereign. Both sides have submitted briefs which have been considered by the Court.

I am in accord with the conclusion reached, as well as the reasoning, of

the opinion in United States v. Schlitz, D. C.E.D.Virginia, 9 F.R.D. 259, 260, wherein, under a factual situation analogous to that shown by the pleadings in the case at bar, it was decided that a claim assertable under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), "may be asserted by counterclaim by the citizen-defendant when sued by the United States for damages, if both claims arise from the same event and are of the same character." The intimations of United States v. Ætna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, and United States v. Fotopulas, 9 Cir., 180 F.2d 631, seem to me to be in accord with this disposition.

It is, therefore, ordered that the plaintiff's motion to dismiss defendant's counterclaim be and the same hereby is overruled.

In making this disposition, I wish to emphasize, as did the Court in United States v. Schlitz, supra, "that counterclaim under the Federal Tort Claims Act is to be allowed only when the claim of the United States originates in the same circumstances, and is of the same nature, as the counterclaim. We do not hold that in every action brought by the United States the defendant may counterclaim for a tort."