## UNITED STATES v. CAPITAL TRANSIT CO.

### Civ. A. No. 2019–52.

United States District Court
District of Columbia.

Nov. 4, 1952.

Ross O'Donoghue, Asst. U. S. Atty. in Charge of Civil Division, Washington, D. C., and Vincent C. Burke, Jr., Asst. U. S. Atty., Washington, D. C., for plaintiff.

William E. Stewart, Jr., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The United States of America brings this action for damages to a government-

owned vehicle. More than two years have elapsed since the date of the accident. The Federal Tort Claims Act, Title 28 U.S.C.A. § 2401(b), provides:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, * * *."

Defendant answered and also filed a counterclaim for damages claimed to have been sustained to its vehicle in the same accident. Plaintiff has brought a motion to dismiss the counterclaim contending that the Statute of Limitations prescribed in § 2401(b) bars the claim.

Although the counterclaim alleges two separate counts for damages, the motion to dismiss is directed against the entire counterclaim. In view of the Court's conclusion that count one should not be dismissed, it is unnecessary for the purposes of this motion to consider count two.

The damages sought under the counterclaim arise out of the same automobile collision as a result of which plaintiff seeks damages. Plaintiff contends that any claim against the United States arising out of a tort must be based upon the Tort Act in order for one to recover since without said Act a suit against the United States would not lie in tort due to the doctrine of sovereign immunity. It is further suggested that since the liability and the remedy are created by the same statute, that the limitations of the remedy are to be treated as limitations of the right. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Matheny v. Porter, 10 Cir., 158 F.2d 478. Therefore, plaintiff asserts that since the two year statutory period for the bringing of the action has expired, defendant cannot assert a claim for damages under the counterclaim. Defendant, on the contrary, contends that plaintiff has waived this limitation of time by bringing an action for damages against the defendant.

No case has been cited in the points and authorities or in the oral argument of either party, nor has the Court in its research found such a case, where the precise point is raised as is involved in the instant case.

It should be borne in mind that the Federal Tort Claims Act should be liberally construed. The United States Supreme Court in United States v. Yellow Cab Company, 340 U.S. 543, 71 S.Ct. 399, 402, 95 L.Ed. 523, in discussing this Act said:

"The Federal Tort Claims Act waives the Government's immunity from suit in sweeping language. * * Recognizing such a clearly defined breadth of purpose for the bill as a whole, and the general trend toward increasing the scope of the waiver by the United States of its sovereign immunity from suit, it is inconsistent to whittle it down by refinements."

In U. S. v. Schlitz, D.C.V.A.—'49, 9 F. R.D. 259, 260, although the Statute of Limitations was not involved, it was held that the defendant was entitled to counterclaim for damages to his automobile and was not required to assert such a claim in a separate action. See also U. S. v. Harms, D.C., 96 F.Supp. 1022; U. S. v. Rosati, D.C.N.J.—'51, 97 F.Supp. 747.

In admiralty cases, it has been held that the United States by bringing suit assumed the role of a private suitor and thereby subjected itself to the jurisdiction of the Court, at least as to counterclaims arising out of the same subject matter. U. S. v. The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313. While it is recognized that the case has been distinguished and limited in other cases, U. S. v. Shaw, 1939, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; U. S. v. Dry Dock Savings Inst., 2 Cir., 149 F.2d 917; U. S. v. Merchant's Transfer, 9 Cir., 144 F.2d 324; U. S. v. Davidson, 5 Cir., 139 F.2d 908; it is noted that these cases arose before the passage of the Federal Tort Claims Act.

When the United States Government commenced this action it seems to me it conceded that the action should be fully litigated, and it therefore accepted whatever liability the Courts might decide to be reasonably incident to the collision. As indicated before the damages sought to be

recovered in the counterclaim in the case at bar flowed from the same accident as a result of which plaintiff is seeking its recovery.

The Court concludes that when the United States comes into Court and seeks to recover damages to its vehicle sustained in a collision, that it cannot preclude the defendant from asserting a counterclaim for damages arising out of the same accident because the Statute of Limitations has run for the bringing of such action by the defendant. It is the Court's opinion that the United States in bringing such an action submits itself to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved. It would seem to be contrary to the spirit of the Federal Tort Claims Act to permit the United States to wait until the two years have expired and then sue an individual for damages and prevent such individual from having litigated all issues which might properly have been determined within the two year period. The Court concludes that if the United States waits until the two year period has expired and then brings the action for damages, it waives the right to assert the Statute of Limitations against a defendant interposing a counterclaim.