**UNITED STATES of America, Plaintiff,**

v.

**W. H. POLLARD COMPANY, Inc., a corporation, and Charles H. Johnson, Defendants.**

**W. H. POLLARD COMPANY, Inc., a corporation, Cross-Complainant,**

v.

**UNITED STATES OF AMERICA, Cross-Defendant.**

No. 33615.

United States District Court
N. D. California, S. D.

Sept. 7, 1954.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for plaintiff and cross-defendant.

Griggs M. Ehlman, San Francisco, Cal., for defendants and cross-complainant.

MURPHY, District Judge.

The United States of America brings this action for property damage to a government owned vehicle arising out of an intersection accident—asserting that the damage was caused by defendant's negligence. The action was brought some six years after the date of the accident. Defendant answered, set up the contributory negligence of the government driver as a defense and asked for an affirmative judgment against the United States based on the same negligence in a pleading denominated as a "cross-complaint". The United States moves to dismiss this cross-complaint on grounds that it is barred by the two year statute of limitations found in the Federal Tort Claims Act—

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."
28 U.S.C. § 2401(b).

Two previous decisions in this District and Division have held such a cross-complaint barred. U. S. v. Facha, Civil No. 33446, decided by Judge O. D. Hamlin and U. S. v. Dickerson, Civil No. 32708, decided by me. I am disposed to follow those decisions. However, since neither of these orders sets forth the reasoning behind them and since Judge Youngdahl in U. S. v. Capital Transit Company, D.C.D.C.1952, 108 F.Supp. 348, has reached a contrary result, I feel that the reasons for my views should be set out.

It is crystal clear that had the claim asserted in the cross-complaint been brought in an original action, it would have been barred.

It is quite well established that a defendant is entitled to counterclaim (I will hereafter treat the defendant's pleading as a counterclaim. It is immaterial by what name it is called) for damages to his automobile arising out of the same accident if brought within the two year period. U. S. v. Schlitz, D.C. Va.1949, 9 F.R.D. 259; U. S. v. Harms, D.C.D.Colo.1951, 96 F.Supp. 1022; U. S. v. Rosati, D.C.D.N.J.1951, 97 F.Supp. 747; see U. S. v. Silverton, 1 Cir., 1952, 200 F.2d 824. The Silverton case involved the Tucker Act, but the Tort Claims Act provides that counterclaim under it shall be governed by the same provisions. 60 Stat. 844, formerly 28 U.S.C. 932, now 28 U.S.C. § 1346(c).

The sole question is therefore—Does the bringing of this action by the United States allow a counterclaim by the defendant for damages arising out of the same accident which would otherwise be barred. Judge Youngdahl felt that the United States by bringing the action submitted "to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved", and "waives the right to assert the Statute of Limitations * * *." 108 F.Supp. 350.

While I am personally in sympathy with this result, I believe that it is foreclosed by U. S. v. Shaw, 1940, 309 U.S.

495, 60 S.Ct. 659, 84 L.Ed. 888 and U. S. v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894. While these cases did not involve negligence suits by the Government they firmly establish the principle that by bringing suit the United States does not waive sovereign immunity against a counterclaim asking for affirmative relief against the United States, *beyond the waiver granted by Congress*. The problem of recoupment aside for the moment, the Court said in the Shaw case:

"Whether that jurisdiction exists depends upon the effect of the voluntary submission to the Michigan court by the United States of its claim against the estate. As a foundation for the examination of that question we may lay the postulate that without specific statutory consent, no suit may be brought against the United States. No officer by his action can confer jurisdiction. Even when suits are authorized they must be brought only in designated courts." 309 U.S. 500, 501, 60 S.Ct. 661.

To the contention that " * * * this immunity extends, however, only to original suits; * * * when a sovereign voluntarily seeks the aid of the courts for collection of its indebtedness it takes the form of a private suitor and thereby subjects itself to the full jurisdiction of the court", 309 U.S. 501, 502, 60 S.Ct. 662, the Court answered:

"It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress. We, of course, intimate no opinion as to the desirability of further changes. That is immaterial. Against the background of complete immunity we find no Congressional action modifying the immunity rule in favor of cross-actions beyond the amount necessary as a set-off." 309 U.S. 502, 60 S. Ct. 662.

The rule in Admiralty *in rem* libels which finds expression in The Thelka,

1924, 266 U.S. 328, 45 S.Ct. 112, 69 L. Ed. 313, was rejected as not having general application in civil suits.

Whether the limitation prescribed in the Tort Claims Act be viewed as a condition of the right to sue or as a limitation on the remedy, Congress' waiver of sovereign immunity relating to affirmative relief for tort claims is limited by the terms of that statute. When such relief is sought more than two years after the accident it is sought too late. Anderegg v. U. S., 4 Cir., 1948, 171 F.2d 127; De Bonis v. U. S., D.C.W.D.Pa. 1952, 103 F.Supp. 123. It should be noted that a limitation imposed in a statute such as this which creates a right, is normally treated as a limitation on the right. Anderegg v. U. S., supra. The expiration of the time destroys the right. See Judge Yankwich's collection of the cases involving similar Federal statutes in Adams v. Albany, D.C.S.D.Cal.1948, 80 F.Supp. 876, 880.

Congress has not consented to this counterclaim.

"Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the attempted exercise of judicial power is void." U. S. v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 514, 60 S.Ct. 653, 657, 84 L.Ed. 894. See Nassau Smelting & Refining Works v. U. S., 1924, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190.

I need not decide whether this "crosscomplaint" would come within the principle of recoupment allowed in U. S. v. United States Fidelity & Guaranty Co., supra. Used to recoup, the claim could only diminish or defeat the government recovery. The claim is based on the asserted negligence of the government driver. This negligence is also a defense under the substantive California law to be applied here and if established would wholly defeat the government recovery independent of any principle of recoupment. Indeed, the defense is broader than the counterclaim. To assert the defense it need not be shown that the government driver was acting within the

scope of his employment. This is a condition of recovery on the counter-claim.

The motion of the plaintiff is granted and the defendant's "cross-complaint" is dismissed.