**CANNED FOODS, Inc.**

v.

**The UNITED STATES.**

No. 354-55.

United States Court of Claims.

May 1, 1956.

James N. Johnson, Milwaukee, Wis., for plaintiff. James D. Porter and Norman H. Quale, Milwaukee, Wis., were on the briefs.

Stanley M. Levy, Washington, D. C., with whom was Acting Asst. Atty. Gen. Geo. S. Leonard, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff, a Wisconsin corporation, made a contract with the Army, dated August 11, 1949, to furnish 46,820 dozen cans of peas, of which 39,106 dozen were to be delivered to Schenectady, New York, and 7,714 dozen were to be delivered to Ogden, Utah. By September 30, 1949, the plaintiff had made the Schenectady shipments, and by September 23, had made the Utah shipments. During October the Army paid the plaintiff $59,-599.92 which was the contract price of the Schenectady shipments, less certain deductions. The contract price of the Utah shipments, $12,238.26, has not been paid, nor have the deductions on the Schenectady shipments amounting to $2,-006.39, been paid. The plaintiff sues for $14,244.65, the sum of the two amounts above stated.

The Government, in its counterclaim, says that the invitation for bids for the contract and subsequent contract documents specified that the peas to be furnished were to be from the 1949 pack; that the plaintiff when it submitted its bid knew that it could not furnish the peas from that pack; that the plaintiff certified to the Department of Agriculture that they were from that pack; but that in fact they were in part from the 1947 and 1948 packs. The Government says that the plaintiff, for the purpose of obtaining the payment or approval of claims under the contract, made 12 vendor's shipping documents, each in triplicate and each containing a certification that "all conditions of purchase applicable to the transaction have been complied with." It says that the plaintiff knew that these certifications were false.

The Government says that the plaintiff's submission of its bid, its execution of the contract, its certification to the Department of Agriculture and its cer-

772

tifications on the vendor's shipping documents all were in violation of the False Claims Act, 31 U.S.C.A. § 231. It asks for judgment on its counterclaim in the amount of $2,000 for each of the fraudulent claims made and for double the amount of damages sustained by the United States by reason of the plaintiff's actions.

The False Claims Act says that any person who knowingly presents a false document for the purpose of obtaining payment of a claim against the United States shall forfeit and pay $2,000 to the United States, plus double the amount of damages which the United States may have sustained, 31 U.S.C.A. § 231. The Act, in section 235 of 31 U.S.C.A. says:

"Every such suit shall be commenced within six years from the commission of the act, and not afterward."

The plaintiff says that the Government's counterclaim, which is based upon the False Claims Act, is barred by the statute of limitations. The last of the allegedly false documents made by the plaintiff was received by the Government not later than October 5, 1949, and the Government's counterclaim was not filed until December 2, 1955.

In Dugan & McNamara, Inc., v. United States, 127 F.Supp. 801, 130 Ct.Cl. 603, Id., 124 F.Supp. 650, 130 Ct.Cl. 609, 612, this court held that the period of limitation stated in 31 U.S.C.A. § 235 was applicable not only to a suit based upon the False Claims Act but also to a counterclaim so based. The Government does not, for the purposes of this case at least, object to that doctrine, but says that, since its right under the False Claims Act had not been barred at the time the plaintiff filed its petition on September 21, 1955, it never became barred because the statute was tolled by the filing of the plaintiff's petition. It says that this is true of a counterclaim which arises out of the same transaction as the one involved in the petition to which the counterclaim is addressed.

■ The counterclaim here asserted does arise out of the same "transaction" or "occurrence" as that involved in the plaintiff's petition, within the meaning of our Rule 17(a), 28 U.S.C.A. It is, therefore, a compulsory counterclaim which must be pleaded and adjudicated in the pending suit, because if not it will be foreclosed by the doctrine of *res adjudicata* (1 Barron and Holtzoff, Federal Practice and Procedure, 794, Section 394 (Rules Edition, 1950) ).

As to whether the statute of limitations is tolled on a compulsory counterclaim by the filing of the plaintiff's petition before the statute has run against the counterclaim, there is a conflict in the decisions. DeVito v. Hoffman, 91 U.S.App.D.C. 263, 199 F.2d 468, holds that the statute is tolled. United States v. Capital Transit Co., D.C.D.C., 108 F. Supp. 348, goes further and holds that the right asserted in the counterclaim is revived, even though already barred. Contra United States v. W. H. Pollard Co., D.C.N.D.Cal., 124 F.Supp. 495, Sullivan v. Hoover, D.C.D.C., 6 F.R.D. 513, was decided as the plaintiff would have us decide this case. In 34 Am.Jur. 205, section 249, and Tom Reed Gold, Mines Co. v. Brady, 55 Ariz. 133, 99 P.2d 97, 127 A.L.R. 909, the text writers say that the weight of authority is that the statute is tolled.

■ We adopt the view that the statute is tolled. The plaintiff can hardly be prejudiced by the lapse of time, when the counterclaim must be filed shortly after his petition is filed or it will be barred by *res adjudicata*. The litigation of the claims of both parties in the same proceeding should be encouraged, and the defendant should not have to file a separate suit, perhaps, and in the instant case, actually, in a different court, in order to preserve his rights. The opposite rule would tend to encourage tactical maneuvers, such as the plaintiff waiting till the last minute to file his petition.

The plaintiff's motion is denied.

It is so ordered.

LARAMORE and LITTLETON, Judges, concur.

WHITAKER, Judge (dissenting).

I think the defendant may interpose the defense of fraud to defeat plaintiff's claim, but I think it is barred from doing more. I do not think it is entitled to recover the amounts set out in the False Claims Act. It is barred by failure to assert this claim within the period prescribed by that Act.

I can think of no reason why plaintiff's suit should extend the time within which the Government was required to seek this affirmative relief.

I respectfully dissent.

JONES, Chief Judge, joins in the foregoing dissent.