**UNITED STATES of America,**
**Plaintiff,**

v.

**WEBB TRUCKING CO., Inc., a Delaware**
**Corporation, Defendant.**

**Civ. A. No. 1749.**

United States District Court
D. Delaware.

May 2, 1956.

H. Newton White, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

C. Waggaman Berl, Jr. (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

RODNEY, District Judge.

The facts of this case are relatively simple. An automobile accident happened in Pennsylvania on May 25, 1952 in which a motor vehicle owned by the United States, the plaintiff, was damaged and, as it is alleged, by the negligence of the defendant, a Delaware corporation. The United States instituted suit on September 19, 1955 alleging a damage of $1,156.92. The defendant answered denying liability. The defendant also filed a counterclaim which, by amendment, states as its basis, the Federal Tort Claims Act.[1] In this amended counterclaim the defendant seeks an affirmative judgment of $1,000.

The plaintiff has moved to strike or to dismiss the counterclaim because action was not brought therein within two years after the claim accrued as required by 28 U.S.C. § 2401(b).

The liability of the United States for tort claims is generally found in 28 U.S. C. Chapter 171, Sections 2671–2680. Section 2674 provides that:

> "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances * * *."

Assuming the allegations of the counterclaim to be true, it seems clear that the defendant had a cause of action against the plaintiff, the United States, following the accident on May 25, 1952, and this could have been enforced by an independent suit.

The authorities seem in some dispute as to whether, if the United States had commenced its action within two years of the accident, the defendant could have obtained an affirmative judgment in its behalf by means of a counterclaim rather than by independent suit.[2]

By the express terms of the applicable statute:[3]

> "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues."

The sole question I have to determine is whether after defendant's suit has been barred by time, it may assert its claim for an affirmative judgment in

---

1. 28 U.S.C. § 1346(b) and 28 U.S.C. Chapter 171.

2. See cases collected in 50 Columbia Law Rev. 505; 3 Moore's Fed.Prac., par. 13.-15, et seq.; Peck v. Greyhound Corp., D.C., 97 F.Supp. 679; United States v. W. H. Pollard Co., D.C., 124 F.Supp. 495.

3. 28 U.S.C. § 2401(b).

the nature of a counterclaim and whether the United States, in bringing its suit, has so waived its immunity as to allow such action.

The defendant insists that the United States has waived its immunity in tort actions and becomes liable to an affirmative action against it to the same extent that a private person would be so liable. The defendant then insists that the United States in commencing the present action has waived its immunity and vested the Court with power to do full justice as the result of the accident on which the United States bases its claim.

It is clear that the United States is immune from suit except as it has consented to be sued, and statutes waiving immunity are construed not only strictly in favor of the Government but narrowly and literally.[4] Any departure from the manner in which the United States consents to be sued is jurisdictional and not procedural,[5] and Rule of Civil Procedure 13(d), 28 U.S.C., does not enlarge the right beyond that established by law.

Two cases have directly considered the problem with which this Court is now faced. In United States v. Capital Transit Co.[6] the Court concluded that the United States had waived its immunity and allowed a counterclaim to stand. The report does not expressly show that the counterclaim sought an affirmative judgment rather than an operation similar to recoupment. It is relied upon to this effect, however, and such fact seems indicated.

In United States v. W. H. Pollard Co.,[7] the Court considered facts identical with the present case except that the defendant raised the question of waiver of sovereign immunity by a "cross complaint" instead of a "counterclaim".

The Court, however, considered them as identical. The Court concluded that the waiver of sovereign immunity could not be extended beyond the limit as expressed by Congress and that the bringing of a suit by the United States did not waive immunity and allow an affirmative judgment on a claim barred by limitation of time. The Court relied somewhat upon the reasoning of United States v. Shaw,[8] and United States v. United States F. & G. Co.[9]

I am in accord with the views as expressed in United States v. W. H. Pollard Co., supra, although I am not quite so certain as to the precise application of the Shaw case, supra. That case involved a state of facts where the Government had not expressly waived its sovereign immunity. In the Pollard case, supra, and in the present case, the Government has expressly waived its sovereign immunity in tort actions if proper action is taken within the stipulated time. Beyond that it has not gone. There can be no holding that the immunity is waived other than as expressed by Congress.

In view of the fact that more than two years had elapsed between the accident and the institution of the suit by the plaintiff, it is not necessary to consider whether the two years limitation is a mere limitation of time for bringing suit or whether it is a limitation of the grant of the right of action given by the same statute.[10]

The counterclaim must be dismissed. Its presence is not necessary in the sense of recoupment or mere reduction of the Government's claim. As a basis of affirmative judgment against the United States it must be dismissed.

An appropriate order may be submitted.

4. See cases collected in 9 F.R.D. 150.

5. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

6. D.C.D.C.1952, 108 F.Supp. 348.

7. D.C.N.D.Col.1954, 124 F.Supp. 495.

8. 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

9. 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894.

10. For consideration of this matter, see Problems under the Federal Tort Claims Act, 9 F.R.D. 143, 153.