**UNITED STATES of America**

v.

**Cuthbert BRISTOW, Jr., W. R. Brill.**

**Civ. A. No. 486.**

United States District Court
E. D. Virginia, Newport News Division.

July 25, 1956.

L. Shields Parsons, Jr., U. S. Atty., John M. Hollis, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Hall, Martin & Smith, Lewis H. Hall, Jr., Newport News, Va., for defendants.

HOFFMAN, District Judge.

Plaintiff has instituted an action against defendants seeking the recovery of property damages allegedly resulting from the negligence of defendants. The accident occurred on June 5, 1951, at Yorktown, Virginia. The complaint was not filed until April 2, 1956. Defendants have answered denying all allegations of negligence, asserting contributory negligence on the part of the driver of the Government vehicle, and the defendant, Brill, alleges a counter-claim against the United States for damage to the privately owned vehicle. The Government has now raised the question of the statute of limitations as to said counterclaim.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b), all tort claims against the United States are forever barred unless an action is commenced within two years after the accrual of such claims. It is apparent, therefore, that had the defendant, Brill, instituted an original action the claim would be barred. To what extent, if any, has this defendant's position improved by reason of having filed a counterclaim in an action instituted by the Government?

"As the United States is now immune from direct suit, the counterclaim must fail. As was said in United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 513, 60 S.Ct. 653, 656, 84 L.Ed. 894:

"Possessing this immunity from direct suit, we are of the opinion it possesses a similar immunity from cross-suits."

With reluctance, this Court must disagree with the opinion of District Judge Youngdahl in United States v. Capital Transit Co., 108 F.Supp. 348, in which it is stated that the United States,

by waiting until the two-year period had expired and then instituting an action for damages, had waived the right to assert the statute of limitations against a defendant interposing a counterclaim. The authorities cited in Capital Transit Co. do not touch upon the subject matter and it is clear that the waiver of immunity and conditions attendant to such waiver are matters for Congress to determine.

In Anderegg v. United States, 4 Cir., 171 F.2d 127, 128, an action was instituted against the United States after the two-year period had expired, the contention being that the limitation of the statute had been waived due to the fact that a claim was filed with and considered by the War Department, but not declined by it until after the expiration of the two-year period. In holding that there was no waiver and that not even a United States Attorney could waive conditions or limitations imposed by statute relative to suits against the United States, it is said:

"* * * it is elementary that the government may not be sued except in strict accord with the conditions which it has imposed and that neither action nor neglect on the part of governmental officers may extend the time for suit which Congress has limited. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598."

The precise question was considered in United States v. W. H. Pollard Company, D.C., 124 F.Supp. 495, and this Court is in accord with the views expressed therein. The defense of negligence, if any, on the part of the driver of the Government vehicle is available to the defendants in this case, and if such negligence proximately contributed to the accident, the plaintiff's claim will be defeated as Virginia has not adopted the comparative negligence rule. In an unreported opinion of District Judge Rodney in United States of America v. Webb Trucking Co., Inc., D.C.Del., 141 F.Supp. 573, the Pollard case is approved and Capital Transit Co. is rejected.

The counterclaim must be dismissed as a basis of affirmative judgment against the United States, and an order will be entered to this effect upon presentation.