UNITED STATES of America,
Plaintiff,

v.

GATES SERVICE CORPORATION and
Albert Pascucci, Defendants.

Civ. No. 16366.

United States District Court
E. D. New York.

Oct. 3, 1956.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for plaintiff, Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., of counsel.

Alexander Kosloff, New York City, for defendant, Gates Service Corp.

GALSTON, District Judge.

This is a motion by plaintiff, brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss the defendant corporation's counterclaim on the ground that the counterclaim is barred by the statute of limitations.

According to the affidavit of Myron Friedman, Assistant United States Attorney, in support of the motion, the action arises out of an automobile collision, occurring on December 24, 1949, between a Government vehicle and a taxi owned by defendant corporation and operated by defendant Pascucci. Plaintiff filed, on March 16, 1956, its complaint for property damages sustained by its vehicle as a result of the collision, alleging damages in the amount of $120.47. Defendant corporation filed its answer on April 18, 1956, in which it set forth a counterclaim against plaintiff to recover damages to its taxi resulting from the accident, in the amount of $175.

With respect to the liability of the United States for tort claims, the Federal Tort Claims Act provides that the Government shall be liable, in the same manner and to the same extent, as a private individual under like circumstances. 28 U.S.C.A. § 2674. The Act, however, limits the time within which a tort claim may be brought against the United States. It provides, in material part, as follows:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." 28 U.S.C.A. § 2401(b).

It is evident, therefore, that if defendant corporation had attempted at this late date to assert in an original action the claim now set forth in its counterclaim, its claim would be statute-barred. Plaintiff contends that defendant corporation cannot avoid the operation of the two year statute of limitations by setting up its claim as a counterclaim.

Rule 13(a) of the Federal Rules of Civil Procedure provides, in brief, that any claim which arises out of the same occurrence that is the subject matter of the opposing party's claim shall be pleaded as a counterclaim. It is important to keep in mind, however, that Rule 13 (a) governs pleading, a procedural matter. It does not purport to govern the validity or enforceability of the claim. Indeed, with respect to the issue here, it is pertinent to note that Rule 13, in sub-

section (d), expressly provides as follows:

"These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof." 28 U.S.C.A. Rule 13(d).

The statute of limitations involves a matter of substantive law. The Federal Tort Claims Act, supra, expressly limits the right to adjudicate a claim for damages against the United States to a two year period. The district court is thus deprived of jurisdiction once the statute of limitations has run. It may be argued that, strictly speaking, the above provisions of the Act only have reference to an original action against the United States. It is to be noted, however, that the Act states that a tort claim against the United States is "forever barred" unless action is begun within the two year period referred to in the Act. A claim brought by asserting a counterclaim instead of an original action is, nevertheless, a claim against the United States. Defendant, by its counterclaim, is attempting in effect to revive the jurisdiction of the court over its claim against the United States.

In United States v. Shaw, 309 U.S. 495, at page 502, 60 S.Ct. 659, at page 662, 84 L.Ed. 888, the Supreme Court said:

"It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress."

In the Shaw case the counterclaim asserted was one based on contract, and the opinion of the Court does not indicate that there was any statutory consent whereby the Government had expressly waived its sovereign immunity. On the other hand, in the instant case the Federal Tort Claims Act expressly provides for such waiver of immunity. However, the waiver of the statute is expressly limited in time to a period of two years from the time when the claim accrues. It would strain logic to conclude that by virtue of the limited waiver of immunity thus permitted by statute, the Government can be regarded as having consented to be sued in circumstances not coming within the boundaries of the express waiver of sovereign immunity. To conclude otherwise would be to hold that a tort claimant against the United States would be permitted to do indirectly what it is expressly precluded from doing by direct action.

The Supreme Court has stated, moreover, that statutes waiving immunity of the United States must be strictly construed. United States v. Shaw, supra; United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894. Furthermore, it may be noted that the defendant's right to assert its claim against the United States was not dependent upon the Government's bringing action. Regardless of any inaction on the part of the Government to institute action, the defendant was entitled to assert its claim at any time within the two year period allowed under the Federal Tort Claims Act. It would appear that it was not the Government's delay in bringing suit, but rather the defendant's own lack of prudence and diligence in asserting its rights that will prevent it from litigating all issues which otherwise might have been properly determined.

As the Supreme Court, In United States v. United States Fidelity & Guaranty Co., supra, 309 U.S. at pages 513–514, 60 S.Ct. at page 657, has stated:

"The desirability for complete settlement of all issues between parties must, we think, yield to the principle of immunity. * * *

" * * * Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the attempted exercise of judicial power is void."

In view of the foregoing, it must be concluded that the plaintiff's motion should be granted. Accord United

States v. Webb Trucking Co., Inc., D.C., 141 F.Supp. 573; United States v. W. H. Pollard Company, Inc., D.C., 124 F.Supp. 495.

Settle order.