Betty M. **KECKLEY**, Plaintiff,

v.

Howard **PAYTON**, Defendant.

E. Weldon **KECKLEY**, Plaintiff,

v.

Howard **PAYTON**, Defendant.

Nos. 535–F and 536–F.

United States District Court
N. D. West Virginia, at Fairmont.

Jan. 15, 1958.

Oscar J. Andre and Stanley C. Morris, Jr., Clarksburg, W. Va., Steptoe & Johnson, Clarksburg, W. Va., of counsel, for plaintiffs.

James E. McNeer, Clarksburg, W. Va., Robinson & Stump, Clarksburg, W. Va., of counsel, for defendant.

HARRY E. WATKINS, Chief Judge.

These two actions were filed by the plaintiffs, who are husband and wife, for personal injuries to the wife alleged to have been sustained in an automobile collision on June 26, 1956. These separate actions were instituted on June 20, 1957, along with a third action on behalf of plaintiffs' infant son, and the three cases have been consolidated for trial. Defendant filed answers in all three cases, and counterclaims in these two actions, on July 31, 1957. The counterclaims are for personal injuries alleged to have been suffered in the same collision. Plaintiffs have moved to dismiss the counterclaims on the ground that they are barred by West Virginia Code, Chapter 55, Article 2, Section 12, a one-year statute of limitations. Defendant contends the statute was tolled by the institution of plaintiffs' actions.

The jurisdiction of this Court in this case is based upon a diversity of citizenship, and West Virginia sub-

stantive law must be followed. The precise point at issue here has never been considered by the West Virginia Supreme Court of Appeals, since counterclaims are not used in West Virginia practice, and matters of this nature are raised only by cross-suits in the state courts. Looking to analogous cases decided by the West Virginia Supreme Court, however, I conclude that defendant's counterclaims are barred by the statute and the counterclaims must be dismissed.

■ It is clear that if the matters raised by defendant's counterclaims were made the subject of original actions on July 31, 1957, the one-year statute would have barred the actions. It is not contended here by defendant that the statute does not apply merely because the claims took the form of counterclaims. In fact, the weight of authority holds that unless a set-off or counterclaim takes the form of recoupment, which is not the case in this tort action, the statute of limitations applies as much to a set-off or counterclaim as to an original action. See an annotation in 1 A.L.R.2d 634, for cases so holding from thirty-six states. There is a clear split of authority, however, as to whether the statute is tolled by the filing of plaintiff's action before the statute has run against the counterclaim. The leading treatises indicate that the majority view is that the statute is tolled. 34 Am.Jur., Limitation of Actions, § 249, page 205; 54 C.J.S. Limitations of Actions § 285, p. 342; Annotation, 127 A.L.R. 909.

Defendant adverts to cases involving compulsory counterclaims in which certain federal courts have adopted the majority view and held the statute of limitations to be tolled: Canned Foods, Inc., v. United States, Ct.Cl.1956, 140 F.Supp. 771, reversed in a superseding opinion on the ground that it was not a compulsory counterclaim, 146 F.Supp. 470, 135 Ct.Cl. 862; United States v. Capital Transit Co., D.C.D.C.1952, 108 F.Supp. 348; and De Vito v. Hoffman, 1952, 91 U.S.App.D.C. 263, 199 F.2d 468. All of these cases arose under federal statutes of limitation. Only the Capital Transit case involves facts which are similar to the case at bar. There the plaintiff brought an action for damages to its vehicle which had been damaged in a collision. The defendant counterclaimed for damages to its vehicle arising out of the same collision although the two-year statute of limitations on such claims had run before plaintiff instituted its suit. The court noted that the counterclaim was filed under the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b), which statute was to be liberally construed, and held the statute of limitations part of the Act was waived when the United States filed its action. The case has been expressly rejected by at least four district courts in later decisions, all of which involved vehicle collisions: United States v. W. H. Pollard Co., D.C.N.D.Cal.1954, 124 F.Supp. 495; United States v. Webb Trucking Co., D.C.Del.1956, 141 F.Supp. 573; United States v. Bristow, D.C.E.D.Va.1956, 142 F.Supp. 601; and United States v. Wilkes-Barre Transit Corporation, D.C. M.D.Pa., 143 F.Supp. 413. United States v. Gates Service Corporation, D.C.E.D. N.Y.1956, 145 F.Supp. 109, is also contrary to the view of the Capital Transit case.

■■ It is contended by defendant that inasmuch as the statute of limitations affects only the remedy and not the right, and since the remedy of counterclaim is granted by the Federal Rules of Civil Procedure, rule 13, 28 U.S.C.A., this case presents a procedural question and the federal cases cited by him, supra, should be followed. No cases are cited to support such a view of the statute of limitations, and I find no merit in this argument. The statute of limitations involves a matter of substantive law. United States v. Gates Service Corporation, supra, 145 F.Supp. at page 110. Where one is barred from recovery in the state court, he is likewise barred in the federal court. Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, rehearing denied 326 U.S. 806, 66 S.Ct. 7, 90 L.Ed.

491; Ragan v. Merchants Transfer Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L. Ed. 1520, rehearing denied 338 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513. Rule 13 of the Federal Rules of Civil Procedure, which permits counterclaims, has no application to a counterclaim that is barred by the statute of limitations. Sullivan v. Hoover, D.C.D.C.1947, 6 F.R.D. 513, 514.

Taking the issue for determination in this case as a question of substantive law, then, the West Virginia Supreme Court has ruled on a quite similar problem. The treatises cited above, 34 Am. Jur., at page 205, 54 C.J.S. at page 343, and 127 A.L.R. at page 914, all agree that West Virginia is a state which adopts the minority view as to the tolling of the statute of limitations on a counterclaim or set-off by the institution of plaintiffs' suit. As stated by the author of the A. L.R. Annotation:

> "In a few jurisdictions the courts have adopted the view that the running of the statute of limitations against a setoff or counterclaim is not interrupted by the bringing of the action in which it is subsequently interposed but continues until the setoff or counterclaim is actually pleaded, * * *."

For this proposition, the following West Virginia decisions are cited: Hurst's Adm'r v. Hite, 20 W.Va. 183; Rowan v. Chenoweth, 49 W.Va. 287, 38 S.E. 544; Boyd v. Beebe, 64 W.Va. 216, 61 S.E. 304, 17 L.R.A.,N.S., 660. These cases involved set-offs of matters arising out of different transactions from that sued on by the various plaintiffs in those cases. Defendant mentions Boyd v. Beebe, supra, in his brief, but urges that the case is distinguishable from the present action because the main action and the set-offs had different origins. Plaintiffs agree with this view in their brief.

While factually distinguishable, these cases indicate the view of the West Virginia Supreme Court as to set-offs, and counterclaims are quite analogous to set-offs. In fact, Black's Law Dictionary, 3rd Edition, defines a set-off as a counter-claim or cross-demand. Under West Virginia law, a set-off can be used only as a defense to the original action, and there can be no judgment over in favor of the defendant. The West Virginia court expressly held in Boyd v. Beebe, supra, that the filing of plaintiff's declaration does not toll the running of the statute of limitations as to a set-off. Statutes of limitation are provided for the protection of prospective defendants, to bar any action against them that is not filed within a specified period. A cross-demand in the form of a counterclaim or set-off is also generally barred if not filed within the specified period. Since the West Virginia court has held that the statute is not tolled as to such purely defensive matter as set-offs, it would be utterly incongruous to hold that the statute is tolled as to affirmative matter taking the form of counterclaims. Whether a cross-demand takes the form of a set-off or a counterclaim, the applicable rule should be the same. Whether the cross-demand has the same origin as the plaintiffs' action is immaterial, it seems to me. The "claim" barred by the statute of limitations in West Virginia, whether a set-off or a counterclaim, is treated the same as an independent action, and the statute is not tolled by the plaintiffs' suit.

Defendant had a full year in which to institute any desired action against these plaintiffs. He had available to him the West Virginia Nonresident Motorists statute, so that plaintiffs were at all times accessible to service. Having allowed the one-year period to elapse, defendant cannot now complain that he has been unjustly deprived of his right to sue, there being no hint of fraud or other overriding circumstance which might toll the running of the statute. Defendant could not have filed an original action on July 31, 1957, without meeting the bar of the statute of limitations; by coming into Federal Court and putting the claim in the form of counterclaims he cannot avoid the same bar of the statute. To allow the counterclaims would be to grant them longer life than was available

in state courts, and that would run completely against the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Although defendant's delay has deprived him of any affirmative relief based upon plaintiffs' alleged negligence, defendant may still take advantage of any such negligence in the defense of the present actions. Any negligence on the part of plaintiffs which was a proximate cause of their injuries offers a complete bar to plaintiffs' recovery against defendant, since West Virginia has not adopted the comparative negligence rule. Therefore, although the statute of limitations is a harsh rule of substantive law, it has not deprived defendant of anything material to the defense of these actions.

The counterclaims in these two actions will be dismissed. Counsel for plaintiffs may prepare an order to that effect.