**UNITED STATES of America,**
**Plaintiff,**

v.

**SOUTHERN PACIFIC COMPANY, a corporation, Defendant.**

**SOUTHERN PACIFIC COMPANY, a corporation, Counterclaimant,**

v.

**UNITED STATES of America,**
**Counterdefendant.**

**Civ. No. 40665.**

United States District Court
N. D. California, S. D.

Nov. 16, 1962.

Cecil F. Poole, U. S. Atty., and Elmer Collette, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Frederick Nelson, Hume & Nelson, Attys. at Law, San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

The government seeks to recover fire suppression costs and damages because of the alleged negligence of the defendant, Southern Pacific Co., on July 8, 1957. Defendant has filed a counter claim for its fire suppression costs alleging wrongful and negligent acts of the government on the same day, July 8, 1957, involving the same fire.

The government seeks to dismiss the counter claim on the grounds:

1. That the Federal Tort Claims Act, 28 U.S.C. § 1346, et seq., does not allow counter claims, but only actions originally instituted by private parties; and

2. That because the complaint was filed April 20, 1962, the counter claim was necessarily filed more than two years after the cause of action arose and is therefore barred by the statute of limitations, 28 U.S.C. § 2401(b).

In United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951) the Supreme Court said:

"The Federal Tort Claims Act waives the Government's immunity from suit in sweeping language. * * * Recognizing such a clearly defined breadth of purpose for the bill as a whole, and the general trend toward increasing the scope of the waiver by the United States of its sovereign immunity from suit, it is inconsistent to whittle it down by refinements."

It is desirable to permit a defendant to interpose in the government's action any counter claim arising out of the same circumstances as the government's claim and based on a claim to which the United States has consented to be sued, and obtain an affirmative recovery when warranted, rather than require the claimant to institute a sepa-

rate and original action. This is the rule in admiralty as to counter claims arising out of the same subject matter, United States v. The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 (1924) and this is the rule in certain districts on counter claims arising under the Federal Tort Claims Act, United States v. Schlitz, 9 F.R.D. 259 (E.D.Va.1949); United States v. Rosati, 97 F.Supp. 747 (D.N.J.1951). These seem to this court to be the better reasoned cases. (See 3 Moore's Federal Practice, Vol. III, 1961 Supplement, pp. 28 and 29 for an accumulation of the cases both for and against this position.)

■ While the statute of limitations never applies to a defense being used as a recoupment, Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1934), it appears the more desirable policy is to allow defendant's counter claim when the government chooses to bring its action after the appropriate statute of limitations could have run against it, [as it often does and is always allowed to do, United States v. Knight, 14 Pet. 301 at 315, 10 L.Ed. 465 (U.S. 1840) and has chosen to do here] on the theory of waiver by the government. United States v. Capital Transit Co., 108 F.Supp. 348 (D.D.C.1952). As Judge Youngdahl stated in the well reasoned Capital Transit case,

> "It is the Court's opinion that the United States in bringing such an action submits itself to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved. It would seem to be contrary to the spirit of the Federal Tort Claims Act to permit the United States to wait until the two years have expired and then sue an individual for damages and prevent such individual from having litigated all issues which might properly have been determined within the two year period. * * * "

Judge Murphy of this district court, in United States v. W. H. Pollard Co.,

124 F.Supp. 495 (N.D.Cal.1954) in deciding the identical issue reached the opposite conclusion. While stating his sympathy for the defendant, he felt bound to follow United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). But not only does Shaw not deal with tort claims against the government, it was decided eleven years prior to Yellow Cab and six years prior to the passage of the Federal Tort Claims Act. (Title IV of the Legislative Reorganization Act of 1946; 60 Stat. 843). We do not feel bound to follow the Shaw case.

■ The general rule is that when a statute which creates a right unknown to the common law includes within it a limitation of time, the expiration of that time extinguishes the right to sue and not merely the remedy, and, therefore, it cannot be waived for any reason, The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 147, 30 L.Ed. 358 (1886); The Isonomia, 285 F. 516 (2nd Cir., 1933); Adams v. Albany, 80 F.Supp. 876 (S.D. Cal.1948) (tort claim against the government). But we feel, in the light of Yellow Cab, United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), and the policy considerations stated below, that the general rule stated above should not be applicable to the Tort Claims Act.

The fictions of sovereign infallibility and governmental dignity cannot be used as a rationale to narrowly interpret the Tort Claims Act. More important considerations prevail in a complex society, such as the interference with governmental functions and the burden on public finance. These must be balanced against individual injustice, division of the social risks and the policy against multiplicity of suits. Since the government has seen fit to allow this suit against it on an individual's own initiative, the arguments for treating the government as a private party would be treated in counter claims against it are overwhelming.

The court holds that counter claims under the Federal Tort Claims Act are

to be allowed when the claim of the United States originates out of the same circumstances and is of the same nature as the counter claim; and that if the United States waits until the two year period has expired and then brings an action for damages it impliedly waives the right to assert the statute of limitations against a defendant interposing a counter claim.

The motion to dismiss is denied.