Mark PITTMAN, a minor, by and through his Guardian ad Litem, Milan L. Pittman, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 40400.

United States District Court
N. D. California, S. D.

Nov. 21, 1962.

Edward B. Freed, of Lewis & Stein, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., and William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

The complaint alleges that plaintiff, a minor child of nine years, suffered personal injuries as a result of the negligence of enlisted personnel of the U. S. Navy, an agency of the defendant, in the operation of a truck within the Mare Island Naval Shipyard at Vallejo, California on July 13, 1959.

Because the complaint was not filed until December 18, 1961, the government moves to dismiss it as the two year statute of limitations has elapsed. 28 U.S.C. § 2401(b).[1]

1. "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

The government cites United States v. Glenn, 231 F.2d 884 (9th Cir., 1956) for the proposition that even a minor child falls within the limitation of Section 2401(b).[2]

The plaintiff properly points out, however, that the Glenn case, and the cases cited in footnote 2, merely hold that the tolling provision of 28 U.S.C. § 2401(a)[3] does not apply to the limitation in Section 2401(b).

Because the limitation of Section 2401(b) is not a limitation of right, as is often held in statutes that create rights unknown to the common law, but merely a limitation of remedy,[4] plaintiff goes on to argue that Section 2401(b) impliedly contains within it its own tolling provisions under certain circumstances.[5]

■ Since the Ninth Circuit in Hungerford has recognized that a claim, under certain circumstances, can accrue, for the purpose of the statute of limitations, after the tortious act takes place, the issue before this court is whether or not the statute of limitations is tolled when the plaintiff is a minor child? The opinion of this court is that it is not. The general rule is that the exemptions ordinarily granted to infants do not rest on any fundamental doctrine of law, but on the legislative will expressed in statutes. Infants may be put on the same footing as adults in this respect, and unless excepted they so stand. 54 C.J.S. Limitations of Actions § 235 (1948).[6]

■ Lastly, plaintiff urges the court to apply an estoppel doctrine and prevent the government from raising the statute of limitations as a defense. Plaintiff cites Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed. 2d 770 (1959), an F.E.L.A. case. Whether or not estoppel can be applied to the statute of limitations in a Tort Claims Act case the court need not decide as plaintiff's affidavit does not present facts sufficient to support a theory of estoppel if it did. It is alleged in an affidavit signed by an attorney who states he represented the plaintiff's father, that he did not pursue the claim within the required two year period because: (1) he was advised by an assistant United States attorney who he refuses to name, that the statute of limitations in issue did not apply to minors and that he relied on this advice; and (2) the father was afraid, if he pursued his claim against the government, that he would not get a promotion from the Navy for which he was in line. It is clear that these facts can raise an estoppel against no one.

The motion to dismiss is granted.

2. See also Foote v. Public Housing Commissioner, 107 F.Supp. 270 (W.D.Mich. 1952) and Whalen v. United States, 107 F.Supp. 112 (E.D.Penn.1952).

3. " * * * The action of any person under legal disability * * * at the time the claim accrues may be commenced within three years after the disability ceases."

4. See United States v. Southern Pacific, 210 F.Supp. 760 (N.D.Cal.1962) and United States v. Capital Transit Co., 108 F.Supp. 348 (D.D.C.1952).

5. In Hungerford v. United States, 307 F.2d 99 (9th Cir., 1962) the Ninth Circuit held that in a mal-practice suit the cause of action was not barred if brought within two years after it was discovered or could reasonably have been discovered. The action did not accrue when the negligent act was done. In Osbourne v. United States, 164 F.2d 767 (2nd Cir., 1947) (prisoner of war) and Frabutt v. N. Y., Chicago & St. Louis R. R., 84 F. Supp. 460 (W.D.Penn.1949) (non-resident enemy aliens) the courts held the statute of limitations of the Jones Act and the F.E.L.A., which are quite similar to the statute at bar, were tolled because the plaintiffs had been denied access to the courts.

6. The court in Williams v. United States, 133 F.Supp. 317 (E.D.Va.1954), aff. 228 F.2d 129 (4th Cir., 1955); cert. den., 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499 (1956), recognizing the estoppel and unaccessibility to the court theories, would not allow insanity to toll the statute in the Jones Act, likening insanity to infancy.