Darlene HARPER, infant, by Lillie Harper, her mother and natural guardian,

and

Lillie Harper, in her own right,

v.

UNITED STATES of America.

Civ. A. No. 15754.

United States District Court
D. Maryland.

March 23, 1965.

Roland Walker and Paul Smelkinson, Baltimore, Md., for plaintiffs.

Thomas J. Kenney, U. S. Atty., and Roger C. Duncan, Asst. U. S. Atty., for defendant.

R. DORSEY WATKINS, District Judge.

On August 12, 1964 the above entitled action was instituted under 28 U.S.C. § 1346(b) for personal injuries to the infant plaintiff, and for property damages, medical and other expenses incurred and to be incurred by the adult plaintiff, and for loss of the services of the infant plaintiff. The ad damnum of the claim on behalf of the infant plaintiff is $20,000, and of the claim of the adult plaintiff is $2,500.

The suit arises out of the collision on August 29, 1961 between a bicycle allegedly being carefully operated by the infant plaintiff, and a postal truck allegedly owned by the United States of America and negligently operated by an employee of the Post Office Department within the scope of his duties. The defendant has moved to dismiss for lack of jurisdiction, and for failure to state a claim upon which relief can be granted.

The matter has been submitted for decision under local Rule 7. The motion to dismiss must be granted as it appears from the face of the complaint that the action is clearly barred by the following specific statutory provision.

28 U.S.C. § 2401(b) reads as follows:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * * or unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues * * *. If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim."

1. The claim of the adult plaintiff is clearly barred, since the cause of action accrued on August 29, 1961 and suit was not brought until August 12, 1964; there being no allegation that any written claim had at any time been presented to a Federal agency.

2. The claim on behalf of the infant plaintiff likewise accrued on August 29, 1961, but suit was not filed until August 12, 1964. The saving provision of 28 U.S.C. § 2401(a) with respect to persons under legal disability is (apparently advertently) omitted from section 2401(b) and cannot be written in by a trial court. The only decision to which this court has been referred, or which has been discovered by its own research, dealing with this problem—Pittman v. United States, 1962, D.C.N.D.Calif., S.D., 210 F. Supp. 763—is in accord.

The complaint is dismissed with prejudice, and with costs.