Stella C. DAVIS and Betty Horrigan,
Plaintiffs-Appellants,

v.

Ray M. FOREMAN and the United
States of America, Defendants-
Appellees.

No. 11846.

United States Court of Appeals
Seventh Circuit.

Dec. 21, 1956.

Stella C. Davis, Betty Horrigan, Chicago, Ill., for appellants.

Ray M. Foreman, Danville, Ill., Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellees.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs filed suit in the district court charging the United States with a tort, arising, as they say, out of the acts of Ray M. Foreman, who is averred to have conspired, with certain other persons not joined as defendants, to injure plaintiffs, in violation of the Federal Tort Claims Act, and to recover damages resulting from such violation in the sum of $40,-000. Plaintiffs prayed judgment against the Government and Foreman, jointly and severally. Each defendant moved separately to dismiss the action. The court first allowed the Government's motion, and then, inasmuch as it appeared that no diversity of citizenship existed between plaintiffs and defendant Foreman, granted the latter's motion to dismiss for lack of jurisdiction. Plaintiffs have appealed; the only question presented is whether the district court erred in entering the two orders.

A tort claim against the United States, such as the plaintiffs have asserted, under 28 U.S.C. § 2401(b), is "forever barred unless action is begun within two years after such claim accrues * * *." Pertinent authority is this court's opinion in Tinkoff v. United States, 7 Cir., 211 F.2d 890. No good reason is offered to indicate that the court erred in concluding that the claim against the United States, whether well stated or not, was barred by the statute of limitations.

Defendant Foreman, who is alleged to have been an Assistant United States Attorney at the time when the asserted cause of action arose, based his

motion to dismiss upon the ground that, inasmuch as the complaint showed that plaintiffs reside in the City of Chicago, Illinois, and he in Danville, Illinois, no diversity of citizenship existed to sustain the jurisdiction of the court of a suit by plaintiffs against Foreman, after suit had been dismissed as to the United States. In the absence of diversity of citizenship, the district court was without jurisdiction to proceed as to Foreman and properly dismissed the suit as to him.

The orders of dismissal are affirmed