UNITED STATES of America

v.

James SHAINFINE.

Civ. A. 21374.

United States District Court
E. D. Pennsylvania.

March 7, 1957.

Joseph Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Alexander Schamban, Philadelphia, Pa., for defendant.

WELSH, District Judge.

On December 17, 1949, defendant submitted a bid of $2,036.74 for certain chemicals that had been placed on sale by plaintiff. With said bid, defendant deposited with plaintiff a check in the sum of $408. On December 21, 1949, plaintiff accepted defendant's bid and tendered the chemicals in question and at the same time requested payment of the balance of the contract price. However, defendant refused to accept delivery of the chemicals on the ground that a portion thereof was not in conformity with the samples shown him prior to submission of the bid. Defendant made demand for return of the deposit of $408, but plaintiff refused to comply.

On September 21, 1956, plaintiff brought the instant action, alleging defendant's breach of contract and seeking therefor $379.74, the difference between the contract price and the selling price less the amount of the deposit. On October 25, 1956, defendant made answer and also filed a counterclaim for return of the $408 deposit. On November 9, 1956, plaintiff moved to strike defendant's counterclaim on the ground that same is barred by the statute of limita-

tions contained in 28 U.S.C. § 2401(a).[1]

1. It would appear that the within complaint is not subject to any statute of limitations since it was brought by the United States. The question here presented then is: "Where the plaintiff United States commences the action against the defendant more than six years after the cause of action arose is said defendant precluded from filing a counterclaim therein by virtue of the statute of limitations contained in 28 U.S.C. Section 2401(a)?"

2. There appears to be no decided case precisely on point. However, Judge Youngdahl in United States v. Capital Transit Co., D.C., 108 F.Supp. 348, 350, denied the motion of the United States to dismiss defendant's counterclaim which had been filed after the expiration of the applicable statute of limitations. In that case, the United States brought the action more than two years after the cause of action had accrued; after defendant filed an answer and a counterclaim (which arose out of the same circumstances which gave rise to the claim of the United States against it) the United States moved to dismiss said counterclaim. Although the statute of limitations relied on in that case is contained in 28 U.S.C. § 2401(b)[2] the rationale of said decision is equally applicable to the instant case. The pertinent language of Judge Youngdahl's decision (which we adopt) reads as follows:

"The Court concludes that when the United States comes into Court and seeks to recover damages to its vehicle sustained in a collision, that it cannot preclude the defendant from asserting a counterclaim for damages arising out of the same accident because the Statute of Limitations has run for the bringing of such action by the defendant. It is the Court's opinion that the United States in bringing such an action submits itself to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved. It would seem to be contrary to the spirit of the Federal Tort Claims Act to permit the United States to wait until the two years have expired and then sue an individual for damages and prevent such individual from having litigated all issues which might properly have been determined within the two year period. The Court concludes that if the United States waits until the two year period has expired and then brings the action for damages, it waives the right to assert the Statute of Limitations against a defendant interposing a counterclaim."

3. Hence, we answer the question here presented in the negative. Plaintiff's motion to strike defendant's counterclaim will accordingly be denied.

### Order

And Now, to wit this 7th day of March, A. D., 1957, in accordance with the foregoing opinion, it is ordered that plaintiff's motion to strike defendant's counterclaim be and the same is hereby denied.

---

1. Said Section 2401(a) provides in part: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

2. Said Section 2401(b) provides: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."