Josephine DAVIDITIS, also known as Josephine Davis, Stella C. Davis, and Betty Horrigan, Plaintiffs-Appellants,

v.

NATIONAL BANK OF MATTOON, Mattoon, Illinois, a Banking Corporation, Wayne Joseph O'Bryan and June Alberta O'Bryan, and Ray M. Foreman, Defendants-Appellees.

Josephine DAVIDITIS, also known as Josephine Davis, Stella C. Davis, and Betty Horrigan, Petitioners,

v.

Honorable Casper PLATT, Judge of the United States District Court for the Eastern District of Illinois, Respondent.

Nos. 12439, 12527.

United States Court of Appeals
Seventh Circuit.
Jan. 22, 1959.
Rehearing Denied Feb. 12, 1959.

Josephine Daviditis, pro se, and Stella C. Davis, and Betty Horrigan, Chicago, Ill., for appellant Daviditis.

Ray M. Foreman, Clyde Meachum, Foreman, Meachum & Clapper, Danville, Ill., for National Bank of Mattoon.

Before DUFFY, Chief Judge, and PARKINSON and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

The complaint in No. 12439 is entitled "Complaint to Set Aside Fraudulent Conveyance Under Rule 18(b) of CIV. P.A. [28 U.S.C.A.]" The complaint was signed by the three plaintiffs *pro se* and apparently was prepared by them.

The same persons are petitioners in Appeal No. 12527. The first pleading filed in this Court in that case was a petition for a writ of mandamus directed to United States District Judge, Casper Platt; the second, a motion for leave to file supplemental evidence and to present confidential evidence at the hearing. These pleadings were likewise signed by the three persons listed as petitioners who are also the plaintiffs in Appeal No. 12439. The two cases were heard together in this Court, and Stella C. Davis and Betty Horrigan presented the oral arguments upon behalf of plaintiffs and petitioners.

This is the third time that these plaintiffs have invoked the jurisdiction of this Court in controversies growing out of the same general complaints which plaintiffs now bring before us. In Davis v. Foreman, 7 Cir., 239 F.2d 579, plaintiffs endeavored to recover from defendants under the Federal Tort Claims Act. We decided that a claim against the United States under the Tort Claims Act was not set forth in the complaint and further pointed out that the statute of limitations had run. We also pointed out there was no diversity of citizenship between the plaintiffs and defendant Foreman, and the fact that he was or had been an assistant United States Attorney was not sufficient to invoke federal jurisdiction.

This controversy came before us a second time in Daviditis v. The National Bank of Mattoon, 7 Cir., 251 F.2d 299.

In this action the plaintiffs alleged fraud on the part of the Bank in being appointed as Administrator of the Estate of William Daviditis, deceased. William Daviditis was the husband of Josephine Daviditis and the father of Stella C. Davis and Betty Horrigan. We held on that appeal that no sufficient showing was made that the civil rights of plaintiffs had been violated or that defendant had violated the National Banking Laws so as to give rise to a claim upon which relief could be granted to plaintiffs in a federal court. We held that the District Court was correct in dismissing the complaint for lack of jurisdiction of the subject matter.

In No. 12439 now before us, the District Court granted a motion to dismiss the complaint on the ground that it lacked jurisdiction. The complaint alleged that federal jurisdiction was based on Title 28, §§ 1331, 1339, 1348 and 1349, and also Title 18, §§ 493, 1005 and 241. Reliance was also placed on Title 5, § 139f and Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A. While diversity of citizenship was not alleged, there was an allegation that the amount in controversy exceeded $3,000.00. Upon oral argument before our Court, plaintiffs asserted that federal jurisdiction was also present because the complaint alleged an interstate conspiracy; a national bank was involved, and that defendant Foreman at the time he was alleged to have defrauded plaintiffs was an assistant United States attorney.

While the cause was pending before Honorable Casper Platt at Danville, Illinois, plaintiffs moved for a change in venue. The cause was thereupon transferred to Honorable William G. Juergens, United States District Judge, and the files transferred to East St. Louis, Illinois. Thereafter, defendants filed a motion to dismiss the action because of lack of jurisdiction. The Court granted the motion to dismiss. This appeal followed.

■ We agree with the District Court that the complaint alleging a fraudulent conveyance of real estate is not one that arises under the Constitution, laws or treaties of the United States within the meaning of § 1331, Title 28 U.S.C.A.

■ We also agree that §§ 1348 and 1349, Title 28, are not applicable. The former deals with actions brought by the United States against a National Bank, and the latter pertains to corporations in which the United States owns more than half of the capital stock.

■ Sections 241, 493 and 1005, Title 18 U.S.C.A., pertain to criminal proceedings and, as pointed out by the District Court, in no way confer jurisdiction as to the civil controversies described in the complaint. Also, § 139f, Title 5 U.S.C.A. provides penalties that may be assessed against persons failing to furnish required information to federal agencies. The complaint does not state a claim under this section. Also, Rule 56, Federal Rules of Civil Procedure, pertaining to summary judgments, cannot be relied on by plaintiffs to confer jurisdiction in this case.

■ The general claim made as to interstate conspiracy, that a national bank was involved, and that defendant Foreman was an Assistant United States Attorney during a part of the period in which plaintiffs contend a cause of action arose, do not in any way confer jurisdiction upon a federal court to hear and determine the controversy and claim set forth in the complaint.

In No. 12527, the plaintiffs ask that Honorable Casper Platt be required to enter an order addressed to the National Bank of Mattoon, the Bureau of Public Debt of the Treasury Department and to others who may have access to United States Savings Bond microfilm, records and photostats, to give to plaintiffs such documents and records as they find to be necessary for photographing. The petition for mandamus is denied.

The motion filed in the same cause before this Court for leave to file supplemental evidence and to present confidential evidence at a hearing is likewise denied.

The motion in No. 12439 that this Court order an investigation of defendants-appellees and require them to show cause why they did not follow the Federal Rules of Civil Procedure in serving copies of briefs and motions for leave to dispense with printing of briefs is hereby denied.

We also note other claims and demands which the plaintiffs and petitioners have made in the two cases now before this Court, and which have not been specifically hereinbefore described. Each of said motions and demands is hereby denied.

The judgment of the District Court in dismissing the complaint for lack of jurisdiction is affirmed. In this connection we agree with the statement of the District Judge where he states that he can find no other section of the federal code which would grant jurisdiction in a federal court to adjudicate the cause attempted to be set forth in the complaint and, therefore, no permission to amend the complaint should be granted.

Affirmed.