(No. 35024.—

WEST END SAVINGS & LOAN ASSOCIATION, Appellant, *vs.* ELBERT S. SMITH, Auditor of Public Accounts, *et al.,* Appellees.

*Opinion filed May 22, 1959.*

LOUIS DENNEN, MCKINLEY & PRICE, and JAMES KEL-
LER, all of Chicago, (PAUL E. PRICE, of counsel,) for ap-
pellant.

LATHAM CASTLE, Attorney General, of Springfield,
(WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA
GROVES, and EDWARD M. WHITE, of counsel,) for appellee
Elbert S. Smith, and THOMAS S. CHUHAK, and COGAN,
COTSIRILOS, KLOMANN & CHUHAK, both of Chicago, for
appellee National Security Savings & Loan Association.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

West End Savings and Loan Association filed a petition
in the circuit court of Cook County, seeking a trial *de novo*
of an application by National Security Savings and Loan
Association to the Auditor of Public Accounts for permis-
sion to change its location. After a hearing the Auditor
had granted the latter association permission to move to
a location which happened to be in proximity to that of

the plaintiff; and the plaintiff alleges that the move will have an adverse effect upon its business.

After motions to dismiss had been filed by the Auditor and by National, the circuit court dismissed the complaint on the grounds that the statute purporting to grant the right of trial *de novo* is unconstitutional, and that in any event the plaintiff as a mere competitor has no standing to bring a proceeding thereunder. The plaintiff appeals directly to this court.

It is a familiar principle of constitutional law that none of the three departments of our government may exercise powers properly belonging to either of the other two. Pursuant to this commandment we have repeatedly held that where authority has been conferred upon administrative agencies to perform functions of an executive nature, provisions for trial *de novo* in courts of law violate the separation-of-powers principle. *Brown* v. *Dept. of Old Age Assistance,* 369 Ill. 543; *Borreson* v. *Dept. of Public Welfare,* 368 Ill. 425; *City of Aurora* v. *Schoeberlein,* 230 Ill. 496.

The theory upon which such decisions are based is that the agency is vested with discretion to decide various questions in the application or "execution" of the law which are not judicially cognizable; and that where statutes purport to vest in courts a supervisory power which is not limited to a review of the administrative action but extends to a redetermination of factual issues, their effect is to grant, unlawfully, a power to exercise executive functions.

On the other hand, where the agency's determinations are made conclusive, constitutional objections are held to be without merit, providing that recourse to the courts is available in cases of oppression or abuse of discretion. (*People* v. *Illinois Toll Highway Com.* 3 Ill.2d 218, 233.) The power and duty in courts to determine if administrative findings and orders have support in the evidence is not a power to hear new evidence, or to reweigh the evidence

adduced before the administrative agency. (*Harrison* v. *Civil Service Com.* 1 Ill.2d 137.) Where the court is to determine from pleadings whether the order assailed is lawful and reasonable, and where the questions presented concern property rights of which the court has jurisdiction, there is no transgression of constitutional requirements. (*Investors Syndicate of America* v. *Hughes*, 378 Ill. 413.) Statutes providing for such procedure merely authorize the court to exercise what is already a part of its function. It is otherwise, however, when courts are sought to be invested with powers to determine and decide matters of an executive or legislative character.

From a consideration of the nature of the determinations which the present statute authorizes courts to make *de novo,* we conclude they fall outside that class to which judicial processes are limited. The determination of an appropriate location for a savings and loan association, and the appraisal of factors having some bearing upon such matters, are executive in nature. They cannot be performed by courts, through the medium of trials *de novo.*

In view of our conclusion it is unnecessary to decide whether the circuit court was also correct in holding the plaintiff to be without any standing to bring the proceedings. The order will be affirmed.

*Order affirmed.*