**268**

UNITED STATES of America,
Plaintiff,

v.

SOUTHERN CALIFORNIA EDISON
COMPANY, a corporation,
Defendant.

No. 62-737-EC.

United States District Court
S. D. California,
Central Division.
May 13, 1964.

———◇———

Francis C. Whelan, U. S. Atty., by James R. Akers, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Rollin E. Woodbury and Chase, Rotchford, Downen & Drukker, Los Angeles, Cal., for defendant.

CRARY, District Judge.

The government seeks damages in the sum of $9,876.64 allegedly resulting from the "Glendora fire" which occurred September 5, 1960, and defendant counterclaims for damages in the amount of $40,-000.00 alleged to have resulted to it from the "Woodwardia fire" as of October 13, 1959. The action was filed May 31, 1962.

Plaintiff now moves to dismiss the counterclaim of defendant on the grounds:

1. It is barred by the statute of limitations [28 U.S.C. § 2401].

2. That the defendant is not entitled to relief by way of recoupment, set-off or affirmative relief.

The court concludes that defendant is not barred by the two-year statute of limitations to seek damages by way of recoupment or affirmative relief if the counterclaim originates out of the same transaction or circumstances. United States v. Southern Pacific Company, 210 F.Supp. 760 (D.C.N.D.Cal. Nov. 1962), where the court states at pages 762–763:

"The court holds that counter claims under the Federal Tort Claims Act are to be allowed when the claim of the United States originates out of the same circumstances and is of the same nature as the counter claim; and that if the United States waits until the two year period has expired and then brings an action for damages it impliedly waives the right to assert the statute of limitations against a defendant interposing a counter claim."

In United States v. Capital Transit Co., 108 F.Supp. 348 (D.C.Dist.Col. Nov. 1952), the court observes, at pages 349–350:

"When the United States Government commenced this action it seems to me it conceded that the action should be fully litigated, and it therefore accepted whatever liability the Courts might decide to be reasonably incident to the collision. As indicated before the damages sought to be recovered in the counterclaim in the case at bar flowed from the same accident as a result of which plaintiff is seeking its recovery.

"The Court concludes that when the United States comes into Court and seeks to recover damages to its vehicle sustained in a collision, that it cannot preclude the defendant from asserting a counterclaim for damages arising out of the same accident because the Statute of Limitations has run for the bringing of such action by the defendant. It

is the Court's opinion that the United States in bringing such an action submits itself to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved."

Although there are some earlier cases holding contrary to the above cited authorities, it appears that they are overruled as to this point by the Supreme Court of the United States in United States v. Yellow Cab Company, 340 U. S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

The defendant stipulates that the "Woodwardia fire" (October, 1959) did not originate out of the same circumstances, transaction or subject matter as the "Glendora fire" (September, 1960) but urges that damages allegedly resulting to it from the "Woodwardia fire" may be used by way of recoupment or set-off in the circumstances though it be held defendant is not entitled to affirmative relief in an amount in excess thereof.

Defendant asserts that this right is established by the rule as stated in United States v. Pollard, 124 F.Supp. 495 (N.D. Cal.1954). The court states, at page 497:

"I need not decide whether this 'cross-complaint' would come within the principle of recoupment allowed in U. S. v. United States Fidelity & Guaranty Co., supra [309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894]. Used to recoup, the claim could only diminish or defeat the government recovery. The claim is based on the asserted negligence of the government driver. This negligence is also a defense under the substantive California law to be applied here and if established would wholly defeat the government recovery independent of any principle of recoupment."

The Supreme Court of the United States in U. S. v. United States Fidelity & Guaranty Co., 309 U.S. 506 at 511, 60 S.Ct. 653, at 656, 84 L.Ed. 894 says:

"A.—By concession of the Government the validity of so much of the

Missouri judgment as satisfies the Indian Nations' claim against the lessee is accepted. This concession is upon the theory that a defendant may, without statutory authority, recoup on a counterclaim an amount equal to the principal claim."

It is noted that the court cites as authority for this statement the case of Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 700, 79 L.Ed. 1421. The Bull case involved an action for income tax allegedly owed. The taxpayer proposed payment in full by demanding recoupment of the amount mistakenly collected as estate tax and wrongfully retained. At page 261 of its opinion, the court observes:

"A claim for recovery of money so held may not only be the subject of a suit in the Court of Claims, as shown by the authority referred to, but may be used by way of recoupment and credit in an action by the United States arising out of the same transaction." Citing cases.

On page 262, the court says:

"* * * recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded."

■ It is well established that unless a claim arises out of the same transaction recoupment is not available. 47 American Jurisprudence 708, Section 2.

■ With regard to "set-off", it is true that under the California rule and generally, the claim of set-off need not arise out of the same transaction. Under the Federal rules a counterclaim is subject to Rule 13(d), F.R.Civ.P. After making provision for permissive and compulsive counterclaims, Rule 13(d) provides:

"These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

■ The court concludes that although the United States is party plaintiff to the action herein it cannot be sued without its consent, as provided by statute and case law interpreting same. The permission must be granted by Congress. The California rule re set-off is not, therefore, applicable to the case at bar. In Kearney v. A'hearn, 210 F.Supp. 10 (D.C.S.D.N.Y.1962), plaintiffs, as taxpayers, sought to enjoin the District Director from collecting income tax deficiency of plaintiffs, and so forth. In dismissing the action for lack of jurisdiction, the court denied plaintiffs the right to amend their complaint by setting up a counterclaim against the United States (pg. 19) for money alleged due under the provisions of 28 U.S.C. § 1346(a) (2). At page 21 of its opinion, the court states:

"If plaintiffs contemplate a set-off, the counterclaim is not in order since it does not arise out of the same transaction, as required."

The Court of Appeals, 7th Circuit (1954), in In re Greenstreet, Inc., 209 F. 2d 660, was confronted with a matter involving a bankruptcy wherein it held that the bankruptcy court had no jurisdiction to allow the trustee's counterclaim as a set-off against the government's title to the property which it sought to reclaim. At page 663 of its opinion, the court says:

"Under the Supreme Court's decisions, irrespective of any question of immunity of the sovereign from suit, by filing its general claim the government consented that anything *growing out of the same transaction might be interposed by way of set-off to lessen or defeat its claim.*" (Emphasis ours.)

■■ In the instant case it is agreed that the alleged set-off did not grow out of the same transaction. The court concludes the set-off alleged herein by defendant, claimed after the running of the statute of limitations, must arise out of the same transaction to be properly con-

sidered in the case at bar by way of reducing the government's claim.

In United States v. Schlitz, 9 F.R.D. 259 (D.C.E.D.Va.1949), the court, in allowing a counterclaim in a suit by the government for damages caused by an automobile collision, says at page 260:

"[2] We emphasize, however, that counterclaim under the Federal Tort Claims Act is to be allowed only when the claim of the United States originates in the same circumstances, and is of the same nature, as the counterclaim. We do not hold that in every action brought by the United States the defendant may counterclaim for a tort."

Discussing the right of set-off by the defendant bank against a sovereign in a matter wherein the United States, as assignee of the Soviet Government, sought to recover assets held by the defendant New York Trust Company, the court, in United States v. New York Trust Co., 75 F.Supp. 583 (D.C.S.D.N.Y. 1946), at page 587 of its opinion, states:

"[6, 7] The set-off which may be asserted against a sovereign, is in reality a claimed recoupment and is 'in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's (the sovereign's) action is grounded.' Bull v. United States, 295 U.S. 247 at page 262, 55 S.Ct. 695, at page 700, 79 L.Ed. 1421; quoted in Re Monongahela Rye Liquors, Inc., 3 Cir., 141 F.2d 864, 869. If the claimed set-off to the suit by the sovereign is based 'upon matter unrelated to the primary claim', it is 'the equivalent of an independent suit against the sovereign, which, of course, may not be sued without its consent'."

Based on the facts involved in the case at bar, the law noted hereinabove, this court, for the reasons stated, concludes that the plaintiff's motion to dismiss defendant's counterclaim is well taken and the said motion is hereby granted.