UNITED STATES of America

v.

Mrs. Helen THROWER.

Civ. No. 4269.

United States District Court
M. D. Tennessee,
Nashville Division.

Feb. 2, 1967.

Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., for petitioner.

H. Francis Stewart, Watkins, McGugin & Stewart, Nashville, Tenn., for defendant.

## ORDER

FRANK GRAY, Jr., District Judge.

This is an action instituted on November 2, 1965, by the United States Government, pursuant to the provisions of 28 U.S.C. § 1345, for property damage arising out of an automobile collision involving vehicles driven by a Government agent and Mrs. Helen Thrower (defendant) on October 30, 1963. The defendant answered and also filed a cross-complaint for damages to her car arising out of the same accident, such cross-complaint being filed December 23, 1965. Jurisdiction of the counterclaim is allegedly furnished by 28 U.S.C. § 1346 (b), which provides:

"Subject to the provisions of chapter 171 of this title, the district courts,

* * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The Government has filed a motion for summary judgment as to the cross-complaint, on the basis of 28 U.S.C. § 2401(b), which provides, in pertinent part:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

On this state of facts it is obvious that at the time the Government filed this action the above statute would have prevented the defendant from bringing an original action to assert the claim which she attempts to assert through this counterclaim. Therefore, the sole question to be decided is whether the bringing of this action by the Government allows a counterclaim by the defendant for damages arising out of the same accident which would otherwise be barred. This problem has been frequently presented to the courts, and has been variously decided.[1]

Usually the Government is not barred by statutes of limitation unless there is a clear manifestation of such an intent by Congress. United States v. 93 Court Corp., 350 F.2d 386 (2nd Cir.

---

[1] United States v. Southern California Edison Co., 229 F.Supp. 268 (S.D.Cal. 1964) (counterclaim not barred); United States v. Southern Pacific Co., 210 F. Supp. 760 (N.D.Cal.1962) (counterclaim not barred); Lomax v. United States, 155 F.Supp. 354 (E.D.Pa.1957) (counterclaim barred); United States v. Shainfine, 151 F.Supp. 586 (E.D.Pa.1957) (counterclaim not barred); United States v. Webb Trucking Co., 141 F.Supp. 573 (D.C.Del.1956) (counterclaim barred); United States v. W. H. Pollard Co., 124 F.Supp. 495 (N.D.Cal.1954) (counterclaim barred); United States v. Capital Transit Co., 108 F.Supp. 348 (D.C.D.C. 1952) (counterclaim not barred).

1965). Therefore, although this defendant was barred from asserting a claim after two years, the Government was not so restricted. Some courts, in situations similar to the instant one, moved by what they considered to be an inequity, have held that the Government, by asserting a claim after the statute of limitations had run on the defendant's claim, had waived the right to assert the statute, or, by its action in bringing the suit, had submitted to the jurisdiction of the court all claims arising out of the transaction, including any counterclaim by the defendant. This court, however, is constrained to disagree with the reasoning of those cases.

The crux of the problem lies in how the statute prescribing the limitation is characterized. Is this limitation a mere procedural statute which may be waived or is it of a more fundamental nature? An excellent discussion of this question is furnished by Simon v. United States, 244 F.2d 703 (5th Cir. 1957). There the court was considering an original claim by an individual plaintiff against the Government, but the same reasoning would apply to the instant case. The court, at Page 704, quoted with approval from 34 Am.Jur., "Limitation of Actions," section 7, as follows:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an in-herent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

Also quoted with approval, at Page 705, was the following from the 1956 Am. Jur. Cumulative Supplement:

"Generally speaking the time requirement prescribed by a statute granting the right to sue the United States or a state is construed as a condition or qualification of the right; such a provision is in other words *jurisdictional* rather than a mere statute of limitations." [Emphasis added.]

The court feels that the above is an accurate characterization of the limitations contained in 28 U.S.C. § 2401(b). The courts have traditionally accorded a strict interpretation to statutes granting jurisdiction to federal courts, and this section falls within the category of jurisdictional statutes. Upon the lapse of two years from the accrual of this cause of action this court would have had no jurisdiction of a claim then presented by the defendant, and the acquiescence of the agents of the Government, if indeed they had, would not suffice to restore the jurisdiction so divested.

Accordingly, the Government's motion for summary judgment on the cross-complaint is granted, and it is ordered that the cross-complaint be dismissed.