Justin Hulman, Commissioner of Savings and Loan Associations of the State of Illinois, Plaintiff-Cross-Appellee, v. Lawn Savings and Loan Association, Defendant-Appellee-Cross-Appellant.

Gen. No. 53,401.

First District.

January 23, 1970.

Rehearing denied June 23, 1970.

Henry W. Kenoe and Raphael Fine, of Chicago, for appellee-cross-appellant Lawn Savings and Loan Association.

Albert E. Jenner, Jr., Philip W. Tone and John G. Stifler, of Chicago (Raymond, Mayer, Jenner & Block, Alan J. Moscov, General Counsel, Paul McGraw, Associate General Counsel, and Daniel J. Goldberg, Assistant General Counsel, of counsel), for appellant Federal Savings and Loan Insurance Corporation, Receiver.

William J. Scott, Attorney General of State of Illinois, of Chicago (Donald J. Veverka, Special Assistant Attorney General, Frank J. McGarr, First Assistant Attorney General, and Francis T. Crowe, Assistant Attorney General, of counsel), for cross-appellee Justin Hulman.

MR. JUSTICE SMITH delivered the opinion of this court.

The directors of the defendant loan association adopted a resolution requesting the Commissioner of Savings and Loan Associations to take over custody of their association under the provisions of Ill Rev Stats 1967, c 32, § 848. This he did and sent in his examiners. Subsequently he designated a receiver under § 921 of the statute and requested the Attorney General to file a bill in equity for the orderly liquidation of the loan association as directed by § 922 of the same statute. The

364

court entered an order providing for the liquidation and dissolution of the association and in that order appointed the former president of the association to be a liaison officer and directed the receiver to give him access to the premises, office help, secretarial help and "other accommodations reasonably needed by him." This appeal is by the receiver from that part of the order appointing the liaison officer. The loan association cross-appeals from the decree ordering the dissolution and liquidation of the association on the ground that such a dissolution order must be based upon independent facts submitted to the court and that the decree in the case at bar was not supported by the manifest weight of the evidence.

If the order of dissolution entered by the court was unauthorized as contended in the cross-appeal, then the receiver's appeal contending that the trial court went beyond his statutory authority in appointing a liaison officer falls by the wayside. We therefore first consider the propriety of the dissolution order.

■ ■ At the very threshold of our inquiry, we are confronted with the question as to whether or not we are in the proper forum at the proper time with the proper issue. We think not. The Supreme Court in People ex rel. Knight v. O'Brien, 40 Ill2d 354, 240 NE2d 686, pretty well delineates the respective functions of the Commissioner, the receiver, the Attorney General and the court under § 921, et seq., of the statute. While that case deals with a review of an action of the receiver in selecting his own attorney and is not concerned with a review of any decision of the Commissioner in appointing a receiver, such observation does not militate against the decision as holding that there is a vast difference between a court created equity receivership and a statutorily established administrative receivership. We deal with the latter. In the latter, the

jurisdiction of a trial court in matters of liquidation must be found in the statute itself and its jurisdiction "is limited to the terms of the act conferring the power." People v. Peoria Life Ins. Co., 357 Ill 486, 490, 192 NE 420, 421. Under § 921 of the statute where the Commissioner determines that one or more reasons for taking custody continues to exist through the period of his custody of the association, he shall appoint a receiver. After the receiver has been so appointed, then § 922 of the statute directs the Commissioner to instruct the Attorney General to file a complaint in equity "in the name of the Commissioner in the circuit court of the county in which such association or trust is located and against the association or trustees or liquidators, . . . for the orderly liquidation and dissolution of the association or trust and for an injunction restraining the officers, directors, trustees, or liquidators, from continuing the operation of the association or trust." It is therefore apparent that the jurisdiction of the court is not triggered until after custody has been taken, after the receiver has been appointed "for the purpose of liquidation" and that the use of the court under said section is not to determine whether a receiver should be appointed or whether a dissolution is necessary, but to provide a forum "for the orderly liquidation and dissolution of the association or trust and for an injunction. . . ." Section 923 of the statute prescribes the duties and responsibilities of the receiver as (a) to sell and compound all bad or doubtful debts *on such terms* as the court shall direct, (b) to sell the real and personal property of the association *on such terms* as the court shall direct, and (c) to apply to the court for the authority to borrow money to protect the assets, etc., after notice to the parties in interest and such loans may be obtained and assets pledged as security for such loans *upon such terms and conditions* as may be deemed expedient and necessary. Thus, the power con-

ferred upon the court is the power to prescribe the terms and conditions of a sale or pledge, prescribe the notice and pass upon petitions for the selling, conveying and the marshalling of the assets of the association and O'Brien so states.

The association contends that even though the foregoing may be true, that since there is a provision for judicial review of a custody proceeding through administrative review and through direct proceedings in the circuit court, like avenues for review should obtain in the dissolution of a loan association. The difficulty with this position is that under § 852 of the Act, there is a specific provision that where a contention is made that there are no legal grounds for taking custody of the association, parties in interest may within ten days' notice file a suit in the circuit court for a trial de novo on the Commissioner's determination as to custody. There is no such specific provision where either liquidation or dissolution is concerned.

Indeed in 1955, section 860 of the statute provided that any person who felt himself aggrieved by any decision, order or action of the auditor might apply to the circuit court by filing a petition setting forth the subject matter of his grievance and the matter should be tried de novo by the court. Ill Rev Stats 1955, c 32, § 860. In West End Savings & Loan Ass'n v. Smith, 16 Ill 2d 523, 525, 158 NE2d 608, 609, the Supreme Court held this section of the statute unconstitutional and stated ". . . where authority has been conferred upon administrative agencies to perform functions of an executive nature, provisions for trial de novo in courts of law violate the separation-of-powers principle." In that case the court clearly distinguishes between the power of a court to determine if administrative findings and orders have any support in the evidence from a power to hear new evidence or to reweigh the evidence or to try the issue de novo. That case, therefore, squarely

meets the issue of whether or not the trial court in this proceeding or this court on review has any jurisdiction to allow a trial de novo on the issue of liquidation and dissolution as the association suggests. Following this decision, the legislature amended § 860 to provide for administrative review and stated:

> "Except as otherwise specifically provided by this Act, any person who deems himself aggrieved by any decision, order, or action of the Commissioner may receive a hearing as provided in Sections 7–21 through 7–24 of this Act." Ill Rev Stats 1967, c 32, § 860.

Under § 922 of the Act which provides for the jurisdiction of the trial court to dissolve an association no review is "specifically provided" from the order of the Commissioner determining that "liquidation and dissolution was necessary." There is a means whereby the association might have reviewed this determination of the Commissioner by filing within ten days after the appointment of the receiver a complaint before the Savings and Loan Board. Ill Rev Stats 1967, c 32, § 861. If the aggrieved party was still unhappy after the final determination of that Board, then § 864 of the statute provides for a judicial review of the entire action under the Administrative Review Act. Ill Rev Stats 1967, c 110, § 264, et seq. There is therefore provided a judicial review of the judgment of the Commissioner in determining that liquidation and dissolution is necessary. In People ex rel. Chicago & N. W. Ry. Co. v. Hulman, 31 Ill2d 166, 169, 201 NE2d 103, 105, the court stated:

> ". . . [I]t has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-

existing methods of securing judicial review is prohibited."

In addition, we would point out that prior to 1955, there was included in the Act a proviso for an aggrieved person to obtain a show-cause order and to compel proof of the reasonableness of the appointment of a receiver. In People v. Logan County Building & Loan Ass'n, 369 Ill 518, 17 NE2d 4, the Supreme Court held that having failed to directly attack the appointment of a receiver by the only method provided for by the then statute when such a remedy was available, the respondent by its own inaction had precluded itself from assailing the propriety of the auditor's appointment collaterally in the proceedings then before the court. The association dismisses this case with the assertion that it can best be described as an unfortunate remnant from the days when the courts were yet "threading their way through the emerging mass of administrative law." The association may dismiss this pronouncement of the Supreme Court with such an assertion, but we are not at liberty to do so. The issue the association now seeks to present could appropriately and properly have been resolved through administrative review of the Commissioner's determination to liquidate by appeal to the Savings & Loan Board. The legislature has established a clear line of demarcation between what transpired before and what transpired after the filing of the complaint under § 922. If there is an incongruity in providing a trial de novo on the issue of custody and not so providing on the issue of liquidation and dissolution, the remedy lies with the legislature and not with the courts.

■ ■ The association also distinguishes the Logan County case by suggesting that the Attorney General was to file a "bill" under the old statute, Ill Rev Stats 1937, c 32, § 251, whereas under the present statute the Attorney General is to file a "complaint in equity"

369

and that by the choice of such language, the legislature intended to enlarge the powers under the former into a full-blown equity proceeding with unrestricted equitable powers. Such a construction, in our judgment, distorts simple language into wholly unintended consequences. The association also points out that the previous Act provided a direct judicial test of the appointment of a receiver by a trial de novo. This is true. The same proviso was eliminated from the present Act and having been so eliminated, it must be presumed that it was intentionally done. If it was intentionally done, the trial de novo on the Commissioner's determination to liquidate is nonexistent under the present statutory pattern. We therefore conclude that the association is in the wrong forum at the wrong time under the wrong procedure for a determination of the issue it here seeks to present.

 The receiver complains of that part of the order providing for a liaison officer and the appointment of the former president of the association to serve in that capacity. It was held in O'Brien that the trial court had no authority to select the receiver's attorney and there stated that "nowhere in the Act is authority conferred on the court to choose or appoint counsel or any other employee of the receiver." It is noted from the record that the trial court was seeking someone who could and would inform the court and the reserve shareholders of what was going on and stated that this was desirable in the proper performance of his duties as trial judge. The association urges that the liaison officer would not in any manner interfere with the receiver, would not disturb him in the daily performance of his duties and would only be available as someone who was familiar with the details of the past transactions of the association. It is pointed out that in this way the action of the trial court is so much different from the appointment of an attorney. The latter would

370

have a daily voice in the transaction of the business whereas the liaison officer would only be around in case he was needed. If the liaison officer is not going to do anything, there is no occasion for him to have secretarial help, space or any advance information about what is going on in the receivership. So far as furnishing information to the court is concerned, all of the stockholders are notified of the proceedings in court that the liaison officer would furnish and the court would be fully advised. As a matter of fact, the former president and his attorneys have cooperated on request with the receiver. The fact that they may have appropriately and properly done so does not justify having them under feet day in and day out, nor does their cooperation father a power in the trial court to appoint such a liaison officer when nowhere in the statute is such authority given.

Accordingly, the order of the trial court appointing a liaison officer is reversed and the cause remanded with directions to vacate that portion of the order of dissolution in accordance with the views herein stated. In all other aspects, the order appealed from is affirmed.

Reversed and remanded in part; affirmed in part.

CRAVEN, P. J. and TRAPP, J., concur.