**Paul K. NEWBERG, Plaintiff,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, etc.,
et al., Defendants.**

**Nos. 69 C 1043, 70 C 518.**

United States District Court,
N. D. Illinois, E. D.
Aug. 11, 1970.

---

Eugene F. Welter, Chicago, Ill., for plaintiff.

David R. Shevitz, Pope, Ballard, Kennedy, Shepard & Fowle, Chicago, Ill., for defendants.

Mitchell Edelson, Jr., Chicago, Ill., for counterdefendant Mercurio.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiff Paul K. Newberg brought this action against the Federal Savings and Loan Insurance Corporation ("FSLIC"), Service Savings and Loan Association ("Service"), and Thomas J. Garvey and Chester Zarecki, liquidators of Service ("liquidators"), alleging that he was fraudulently induced to buy shares in Service from its former directors and officers. The FSLIC then counterclaimed against Newberg, naming James B. Wilson and Sam A. Mercurio as additional counterdefendants, alleging a conspiracy to gain control of Service and thereafter cause Service funds to be deposited in banks, at no interest, so that loans could be made from these banks to counterdefendants. Counterdefendant Mercurio then counterclaimed against FSLIC, Service, and the liquidators, charging a conspiracy to wrongfully liquidate Service and convert its funds to their own use, all to the damage of Mercurio and others who were parties to a contract to purchase a majority interest in Service. Presently before the court are FSLIC's motion to dismiss the Mercurio counterclaim and motions for summary judgment filed by the others named in said counterclaim.[1]

■ The complained of liquidation of Service, and the transfer of its assets to the FSLIC, occurred in 1965. Yet this counterclaim, charging a fraudulent conversion of assets, was not filed until February, 1970, it is therefore barred, as to the FSLIC, by the provisions of 28 U.S.C. § 2401 in effect in 1965:

"(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

See Federal Savings and Loan Insurance Corporation v. Quinn, 419 F.2d 1014, 1017 (7th Cir. 1969), holding the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., applicable to the FSLIC. And see Davis v. Foreman, 239 F.2d 579 (7th Cir. 1956). cert. den. 353 U.S. 930, 77 S.Ct. 719, 1 L.Ed.2d 724 (1957); United States v. Thrower, 267 F.Supp. 608 (M.D.Tenn.1967).

Mercurio's contention that the statute of limitations has not yet run, because defendants allegedly continue to withhold the assets of Service, is without merit. That defendants are allegedly still enjoying the fruits of their wrongful conduct does not mean that the cause of action did not accrue when this allegedly wrongful conduct occurred. Indeed, to so hold would render the provisions of § 2401 meaningless and of no effect in a great number of cases.

■ There are a number of other reasons why this counterclaim must be dismissed as to the FSLIC, all of which arise from the applicability of the Tort Claims Act. First, it is clear that under that Act, a federal agency cannot be sued directly. Rather, action must be brought against the United States. 28 U.S.C. §§ 2679(a) and 1346(b); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965), cert. den. 382 U.S. 892, 86 S. Ct. 185, 15 L.Ed.2d 149; Robinson v. Green (N.D.Ill.1968, 68 C 1179).

■■ Second, no suit may be maintained under the Tort Claims Act when "based upon the exercise or performance * * * [of] a discretionary function or duty on the part of a federal agency * * * whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The purchase of the assets of Service by the FSLIC was done pursuant to 12 U.S.C. § 1729(f), which provides:

"In order to prevent a default in an insured institution * * * the Corporation is authorized, *in its discretion*, to make loans to, purchase the assets of, or make a contribution to, an insured institution * * *." (Emphasis supplied.)

1. The motions are also applicable to 70 C 518, a virtually identical counterclaim filed in state court and subsequently removed to this court.

Mercurio's counterclaim charges, at most, an abuse of this legislatively authorized discretion and is therefore barred by § 2680(a). See Dalehite v. United States, 346 U.S. 15, 36, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

■ Finally 28 U.S.C. § 2680(h) excepts from the coverage of the Tort Claims Act "[a]ny claim arising out of * * * misrepresentation, deceit, or interference with contract rights." The counterclaim alleges a conspiracy to defraud Mercurio and other contract purchasers of the shares of Service, and thus comes within these exceptions. Thompson v. United States, 408 F.2d 1075, 1081 (8th Cir. 1969); Tapia v. United States, 338 F.2d 416, 417 (2d Cir. 1964), cert. den. 380 U.S. 957, 85 S.Ct. 1096, 13 L.Ed.2d 974 (1965); Covington v. United States, Department of Air Force, 303 F.Supp. 1145, 1149 (N.D. Miss.1969); Pargament v. Fitzgerald, 272 F.Supp. 553, 556 (S.D.N.Y.1967), aff'd. 391 F.2d 934 (2d Cir. 1968).

For all of the aforementioned reasons, the FSLIC must be dismissed from the Mercurio counterclaim.

■ Service and its liquidators have moved for summary judgment on the Mercurio counterclaim, alleging that this claim is barred by 32 Ill.Rev.Stat. § 906. That statute provides:

"The liquidators shall fix a time for all persons having claims against the association, other than as members thereof, to present such claims, and shall cause notice to be published, requiring all persons to present the claims on or before such date * * *. A claim may be presented at any time on or before the date fixed * * * but any claim not so presented shall be barred. Upon the disallowance of any claim, the liquidators immediately shall notify the claimant of such fact, and the claimant may institute suit to establish such claim at any time before the final distribution."

It is undisputed that the Service shareholders adopted a plan of voluntary liquidation in September, 1965 and that January 1, 1966 was the deadline set for the filing of claims. It is also established that counterplaintiff Mercurio never filed a claim with the liquidators with respect to the matters asserted in the counterclaim. Under these circumstances, I agree that 32 Ill.Rev.Stat. § 906 bars this counterclaim.

The Illinois legislature has established a systematic avenue of challenge for those who claim to be aggrieved by the liquidation of a Savings and Loan Institution. Had Mercurio filed his claim with the liquidators, and had it been disallowed, he would then have been authorized by § 906 to file suit in state court. Moreover, anyone "aggrieved" by approval of a plan of liquidation is entitled to a hearing before the Illinois Savings and Loan Board pursuant to 32 Ill.Rev. Stat. § 860. Judicial review from an adverse decision of that Board is then provided by 32 Ill.Rev.Stat. § 864, which incorporates the mechanisms of the Administrative Review Act, 110 Ill.Rev. Stat. § 264 et seq.

By failing to follow the legislatively established channels for challenge of the plan of liquidation, counterplaintiff has waived his right to state court review. To allow a collateral attack in federal court at this late date would be contrary to Illinois law, and cannot be permitted. As stated in People ex rel. Chicago & N. W. Ry. Co. v. Hulman, 31 Ill.2d 166, 169, 201 N.E.2d 103, 105 (1964):

"[I]t has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited."

See also Hulman v. Lawn Sav. & Loan Ass'n., 122 Ill.App.2d 363, 259 N.E.2d 324 (1st Dist. 1970), and People ex rel. Barrett v. Logan County Building and Loan Ass'n., 369 Ill. 518, 530, 17 N.E.2d 4 (1938), barring collateral attacks on actions taken in liquidation proceedings.

■■ Counterclaimant Mercurio contends that he is suing the liquidators individually, as well as in their official capacities. But no matter how the counterclaim is characterized, it is still an impermissible collateral attack on the liquidation proceedings. And in any event, each liquidator has denied the essential averments of the counterclaim, and these denials are uncontroverted. For example, both liquidators state by affidavit that "[a]t no time, either before or after my election as one of the liquidators of Service Savings, did I have knowledge of any facts which caused me to believe that there was no need, requirement or right in law for the closing of Service Savings or for its voluntary liquidation." Absent such knowledge, of course, these defendants could not be held liable for the allegedly wrongful liquidation of Service. Tribune Co. v. Thompson, 342 Ill. 503, 530, 174 N.E. 561 (1930).

For the reasons heretofore assigned, the counterclaim filed by Sam A. Mercurio in case number 69 C 1043 is dismissed as to the Federal Savings and Loan Insurance Corporation and summary judgment thereon is entered in favor of Service Savings and Loan Association, Thomas J. Garvey and Chester Zarecki. Case number 70 C 518 is dismissed.