**FIRST SAVINGS & LOAN ASSOCIATION, a Hawaii savings and loan association, Plaintiff,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, a federal corporation; Federal Savings & Loan Insurance Corporation, an instrumentality of the United States; and Tany S. Hong, Director of the Department of Regulatory Agencies, State of Hawaii, Defendants.**

Civ. No. 80–0090.

United States District Court, D. Hawaii.

Aug. 14, 1981.

Edward C. Kemper, Thomas T. Watts, Kemper & Watts, Honolulu, Hawaii, Ernest Leff, Hahn Cazier & Leff, Los Angeles, Cal., John R. Williams, Randolph R. Slaton, Lawrence I. Weisman, Honolulu, Hawaii, for plaintiff.

Michael S. Glass, Deputy Atty. Gen., Wayne Minami, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendant Tany S. Hong.

Charles W. Key, Steven H. Levinson, Diane D. Hastert, Damon, Key, Char & Bocken, Honolulu, Hawaii, for defendants First Federal Sav. & Loan Ass'n and Federal Sav. & Loan Ins. Corp.

## ORDER DISMISSING CLAIMS AGAINST FEDERAL SAVINGS & LOAN INSURANCE CORPORATION AND FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HAWAII

SAMUEL P. KING, Chief Judge.

On February 28, 1980 First Savings and Loan Association (First Savings) filed an amended verified complaint alleging that defendants First Federal Savings and Loan Association of Hawaii (First Federal), the Federal Savings and Loan Insurance Corporation (FSLIC), and Tany S. Hong, at that time Director of the Regulatory Agencies, State of Hawaii, acted together illegally to place First Savings in receivership and sell its assets to First Federal.

The complaint makes the following allegations: In January of 1980 defendant Hong created a liquidity problem for First Savings by placing restrictions on First Savings' ability to acquire savings accounts which caused account withdrawals to increase. Hong then used this liquidity problem as a pretext to justify placing First Savings in receivership. On February 25, 1980, Hong obtained an order in state court appointing him receiver of First Savings. The same day, FSLIC, by appointment of the Federal Home Loan Bank Board (Board) supplanted Hong as receiver of First Savings and sold the assets of First Savings to First Federal.

All of these events allegedly took place pursuant to a plan entered into by the defendants to wrongfully liquidate First Savings and deprive it of its assets. The complaint requests an order removing the FSLIC as the receiver of First Savings, an order restoring the assets of First Savings, and damages.

This matter came on for hearing before this court on September 26, 1980 and October 9, 1980 on a motion by plaintiff for partial summary judgment and motions by First Federal and the FSLIC for judgment on the pleadings or, in the alternative, for summary judgment.

### 1. FSLIC

Defendant FSLIC argues that claims against it should be dismissed because this court lacks subject matter jurisdiction and because the plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has requested three sorts of relief: removal of the FSLIC as receiver of First Savings, restoration of First Savings assets, and damages. For reasons set out below, this court finds that it is unable to grant any of the relief requested against defendant FSLIC and that all claims against the FSLIC are therefore dismissed.

Congress has given the Board exclusive jurisdiction to appoint the FSLIC as receiver for a Savings and Loan Association. 12 U.S.C. § 1464(d)(6)(A) (1976).[1] If a Savings and Loan Association objects to such an appointment, it may sue in a federal district court within 30 days of the appointment for an order requiring the Board to remove the receiver. *Id.* The statute further states that "[e]xcept as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver ...." 12 U.S.C. § 1464(d)(6)(C) (1976).

■ Plaintiff asks this court to remove the FSLIC as receiver of First Savings although it did not name the Board as a party. Section 1464 does not authorize a court to remove a receiver except by issuing an order to the Board. Because the Board is not a party to this action, this court cannot remove the FSLIC as the receiver of First Savings.[2]

■ Plaintiff also requests this court to issue an injunction restoring its assets. By doing so, the plaintiff is asking this court to undo the transactions whereby First Savings was placed in receivership and its assets sold to First Federal. This court is precluded by 12 U.S.C. § 1464 from issuing such an order. That section provides that "except at the instance of the Board" a court may not "restrain or affect the exercise of powers or functions of a conservator or receiver." 12 U.S.C. § 1464(d)(6)(C) (1976).

Restoring the assets of First Savings in the manner requested by the plaintiff would interfere with the powers and the functions of the FSLIC. Issuing such an order would amount to reversing the decision made by the FSLIC to sell the assets of

---

1. 12 U.S.C. § 1464(d)(6)(A) provides:

   The Board shall have exclusive power and jurisdiction to appoint a conservator or receiver .... In the event of such appointment, the association may, within thirty days thereafter, bring an action in the United States district court for the judicial district in which the home office of such association is located, or in the United States District Court for the District of Columbia, for an order requiring the Board to remove such conservator or receiver, and the court shall upon the merits dismiss such action or direct the Board to remove such conservator or receiver.

   This provision is part of the Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461–1468 (1976 & Supp. III 1979).

2. The distinction between the FSLIC and the FHLBB is not a transparent one. The FSLIC was created as part of the National Housing Act of 1934, c. 847, Title IV, § 402, 48 Stat. 1256 (codified at 12 U.S.C. § 1725 (1976)). The FSLIC is a government-owned corporation with the power to sue and be sued. See, 12 U.S.C. § 1725(c)(4), 31 U.S.C. § 846.

   The FHLBB was created two years before the FSLIC by the Federal Home Loan Bank Act, ch. 522, § 17, 47 Stat. 736 (1932) (codified at 12 U.S.C. § 1437(a) (1976)). The FHLBB is an agency of the United States without the power to sue and be sued, other than as specifically provided by law. *See, e.g., Fahey v. O'Melveny & Meyers,* 200 F.2d 420 (9th Cir. 1952).

First Savings to First Federal. This would directly interfere with the power of the FSLIC to dispose of the assets of an association in receivership.[3] Because the Board is not a party to this action, this court cannot issue an order that would so affect the powers of a receiver.

■ Plaintiff argues that this interpretation of the law would deprive it of all judicial review of actions taken by a receiver. This is not the case. A savings and loan association may challenge the appointment of a receiver by filing an action against the Board seeking the removal of the receiver. 12 U.S.C. § 1464(d)(6)(A) (1976). Even if the initial appointment of a receiver is not challenged, affected individuals may still request the Board to investigate the actions of a receiver and take whatever steps are necessary to insure compliance with the law.[4] If the Board decides to take no action, judicial review of this decision may be available under Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1976).[5]

■ Finally, plaintiff seeks an award of damages against FSLIC. The FSLIC is a federal agency within the meaning of 28 U.S.C. § 1346(b) and is therefore subject to suit for its torts only under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (1976). *Federal Savings and Loan Insurance Corporation v. Quinn*, 419 F.2d 1014, 1016–17 (7th Cir. 1969); *Newberg v. Federal Savings and Loan Insurance Corporation*, 317 F.Supp. 1104, 1106 (N.D.Ill.1970). The basis for plaintiff's claim for damages in this case is that the FSLIC acted in a conspiracy with other defendants to place First Savings in receivership and sell its assets to First Federal. This claim sounds in tort and must be brought under the FTCA.[6] Plaintiff's complaint does not state a claim under the FTCA.[7] Even if it did, this court could not hear such a claim since it would fall within exceptions to the FTCA.

3. When acting as the receiver of a Savings and Loan Association, the FSLIC has the power to liquidate the Association and sell its assets:

"In any case where the Corporation is appointed receiver of an insured institution ... (B) the Corporation shall have authority to liquidate such institution in an orderly manner or to make such other disposition of the matter as it deems to be in the best interests of the institution, its savers, and the Corporation." 12 U.S.C. § 1729(c)(3) (1976).

Regulations governing the FSLIC in its role as a receiver specifically provide that:

The Receiver shall have power to: (1) Sell for cash or on terms, exchange, or otherwise dispose of, in whole or in part, any or all of the assets and property of the institution, real, personal and mixed, tangible and intangible, of any nature, including any mortgage, deed of trust, chose in action, bond, note, contract, judgment or decree, share or certificate of share of stock or debt, owing to such institution or the Receiver. 12 C.F.R. § 569a.6(c) (1980).

4. The Board has the power to enforce the provisions of 12 U.S.C. § 1464 and regulations promulgated thereunder. 12 U.S.C. § 1464(d)(1) (1976). These powers include the right to, at any time, remove a receiver and restore an association to its management. 12 C.F.R. § 547.7 (1980).

12 U.S.C. § 1464(d)(6)(C) provides that a court shall not interfere with the powers or functions of a receiver "except at the instance of the Board". Thus, the Board may invoke the power of the courts to insure that a receivership is carried out properly and in accordance with law.

5. The Board is subject to the provisions of the Administrative Procedure Act. See, e.g., *Federal Home Loan Bank Board v. Long Beach Federal Savings & Loan Ass'n*, 295 F.2d 403 (9th Cir. 1961); *Elliott v. Federal Home Loan Bank Board*, 233 F.Supp. 578 (S.D.Cal.1964); *City Federal Sav. & Loan Ass'n v. Federal Home Loan Bank Board*, 600 F.2d 681 (7th Cir. 1979); *Madison County Building & Loan Ass'n v. Federal Home Loan Bank Board*, 622 F.2d 393 (8th Cir. 1980).

6. Plaintiff's principal allegation is that FSLIC breached duties imposed by federal law. Such a claim sounds in tort. *Federal Deposit Insurance Corporation v. Citizens Bank & Trust Co.*, 592 F.2d 364, 369 (7th Cir. 1979).

7. Under the FTCA, a federal agency such as the FSLIC cannot be sued directly. Rather, an action must be brought against the United States. 28 U.S.C. §§ 2679(a), 1346(b) (1976); *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965), cert. denied 382 U.S. 892, 86 S.Ct. 185, 15 L.Ed.2d 149; *Newberg v. Federal Savings and Loan Insurance Corporation*, 317 F.Supp. 1104, 1106 (N.D.Ill.1970).

A claim may not be brought under the FTCA if it is based on the performance of a "discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (1976). FSLIC has broad discretion to carry out its statutory responsibilities, subject only to the supervision of the Board.[8] Plaintiff alleges that the FSLIC combined with the state receiver to "promote the use of a receivership in violation of Congressional intent", "contrived to create the grounds which would justify its appointment as a receiver", and gave improper notice to First Savings of its appointment as receiver. At most, these allegations claim an abuse of discretion.

■ Even if the alleged misconduct of the FSLIC did not fall within the discretionary duty exception, it would fall within the terms of section 2680(h). This section excludes "any claim arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (1976). The terms of this section encompass the allegations of tortious conduct made against the FSLIC in this case.[9]

In *Newberg v. Federal Savings and Loan Insurance Corporation*, 317 F.Supp. 1104 (N.D.Ill.1970) the district court considered a nearly identical claim for damages against the FSLIC. A counterclaim against the FSLIC alleged that the FSLIC and others had wrongfully conspired to liquidate a savings and loan association and convert its assets to their own use. The court found that these allegations fell under both sections 2680(a) and 2680(h) and dismissed the counterclaim. 317 F.Supp. at 1106–07. *See also, Federal Deposit Insurance Corporation v. Citizens Bank & Trust Co.*, 592 F.2d 364 (7th Cir. 1979); *Safeway Portland E. F. C. U. v. Federal Deposit Insurance Corporation*, 506 F.2d 1213 (8th Cir. 1974); *Moon v. Takisaki*, 501 F.2d 389 (9th Cir. 1974); *Davis v. Federal Deposit Insurance Corpora-*

*tion*, 369 F.Supp. 277 (D.Colo.1974); *Magellsen v. Federal Deposit Insurance Corporation*, 341 F.Supp. 1031 (D.Mont.1972).

### 2. First Federal

Plaintiff's potential remedies against First Federal include the return of its assets and damages. For reasons set out more fully above, this court finds that it cannot require First Federal to return assets to First Savings. The assets of First Savings were sold to First Federal by the FSLIC pursuant to the FSLIC's statutory authority as a receiver. This court is barred by 12 U.S.C. § 1464(d)(6)(C) from restraining or affecting the powers or functions of a receiver. Ordering First Federal to return assets to First Savings would interfere with the power of a receiver to liquidate an association and dispose of its assets.

This ruling is not dispositive of plaintiff's damage claims. If First Federal conspired with other defendants improperly to place First Savings in receivership, it is conceivable that First Federal could be liable to First Savings for tort damages. The complaint makes no specific allegations of misconduct against First Federal other than claiming that First Federal purchased the assets of First Savings from the FSLIC. Even assuming that First Federal was a full partner in the alleged conspiracy, such a claim cannot be asserted for First Savings by its management once the association has entered receivership.

■ When a receiver is appointed for a corporation, the corporation's management loses the power to run its affairs and the receiver obtains all of the corporation's powers and assets. *Selheimer v. Manganese Corporation of America*, 416 Pa. 274, 206 A.2d 28, 30 (1965); *People ex rel. Palmer v. Peoria Life Insurance Co.*, 376 Ill. 517, 34 N.E.2d 829, 832 (1941) *cert. denied sub nom. Harwick v. O'Hern*, 314 U.S. 688, 62

---

**8.** See note 3 *supra.*

**9.** The complaint appears to state a claim of intentional misrepresentation and fraud against the defendants. Section 2680(h) has been in-

terpreted to exclude both intentional and negligent misrepresentation from coverage by the FTCA. *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961).

S.Ct. 300, 86 L.Ed. 551. The same principles have been applied to bank receiverships. *See e.g. Landy v. Federal Deposit Insurance Corporation,* 486 F.2d 139, 147 (3d Cir. 1973); *Federal Deposit Insurance Corporation v. American Bank Trust Shares, Inc.,* 412 F.Supp. 302 (D.S.C.1976). *See also, People v. Metrim Corporation,* 187 Cal. App.2d 289, 9 Cal.Rptr. 584 (1960) (supervising representative of savings and loan association appointed by the Federal Home Loan Bank Board has the right to control litigation previously instituted by the association).

■ Applicable statutes and regulations indicate that the FSLIC, when appointed the receiver of a savings and loan association, obtains all the powers of the association. The FSLIC has the power

"to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the court or other public authority having jurisdiction over the matter." 12 U.S.C. § 1729(d) (1976).

Regulations promulgated under the authority of this section more specifically enumerate the powers of a receiver to include the authority to

(2) Exercise all rights and powers of such institution . . . ;

(3) Institute, prosecute, maintain, defend, intervene and otherwise participate in any and all actions, suits, or other legal proceedings by and against the Receiver or such institution or in which the Receiver, such institution or its creditors or members, or any of them, shall have an interest, and in every way to represent

such institution, its members and creditors; . . . .

12 C.F.R. § 596a.6(a) (1980).

This language precludes the management of First Savings from bringing an action against First Federal in the name of the corporation. The Board appoints the FSLIC as receiver of an association in order to liquidate the association.[10] It would be inconsistent with this purpose to allow the management of the association to institute litigation concerning the rights of the association after a receiver has been appointed.[11] Damage claims against First Federal must therefore be dismissed for failure to state a claim upon which relief can be granted.

All claims against the Federal Savings and Loan Insurance Corporation and First Federal Savings and Loan Association of Hawaii are HEREBY DISMISSED. It follows that plaintiff's Motion For Partial Summary Judgment is HEREBY DENIED.

---

**10.** Applicable regulations provide:

If the Board makes the determinations specified in § 569a.1, the Board will by order appoint the Federal Savings and Loan Insurance Corporation as sole Receiver for such insured institution for the purpose of liquidation, and such appointment may be ex parte and without notice. 12 C.F.R. § 569a.2 (1980).

**11.** Congress has given an association the limited right to challenge the appointment of a receiver by instituting an action against the Board for removal of the receiver within 30 days. 12 U.S.C. § 1464(d)(6)(A) (1976). This remedy was not pursued in this case by plaintiff's original counsel.